## United States District Court
### Northern District of Texas
### Amarillo Division

| | |
|---|---|
| STATE OF TEXAS,<br><br>   *Plaintiff,*<br><br>v.<br><br>ALEJANDRO MAYORKAS, in his official<br>  capacity as Secretary of Homeland<br>  Security, *et al.*,<br><br>  *Defendants.* | Case 2:22-cv-00094 |

## Brief in Opposition to Defendants' Motion for Transfer and for a Stay

The Court has jurisdiction under the Administrative Procedure Act to hear this challenge to the propriety of a rule promulgated by two federal agencies. The Fifth Circuit held as much in interpreting the statute the Defendants cite to the contrary. And even if it hadn't, the statute the Defendants cite does not in fact mandate that this challenge be brought elsewhere. There being no basis for a transfer and no reason for a decision on the Defendants' motion to occupy much of the Court's time, neither is there a reason for a stay. The motions to transfer and stay should be denied.

### Background and Summary of Argument

Texas challenges the Defendants' recently promulgated rule regarding the procedures for screening asylum claims, 87 Fed. Reg. 18,078 (Mar. 29, 2022). It does so under the Administrative Procedure Act, claiming that the rule is contrary to statute and to the Constitution, that the rule resulted from arbitrary and capricious decision-making, and that the rule was not promulgated with the required notice and comment. ECF No. 1 ¶¶ 61–78.

The Defendants claim that the Court lacks jurisdiction over this suit because the rule was promulgated under 8 U.S.C. § 1225, which was enacted as part of the Illegal Immigration Reform and Immigrant Responsibility of Act of 1996. According to the Defendants, another section of that statute, codified at 8 U.S.C. § 1252, requires that all challenges to regulations implementing that statute be brought in the District of Columbia. *See* ECF No. 7 at 8–15.

The Defendants are wrong: The Court has jurisdiction and need not transfer the case. A Fifth Circuit case that is not even six months old—which the Defendants do not cite and in fact never even suggest exists—directly confronted and rejected the Defendants' argument. Even if that case did not exist, the language of Section 1252 itself does not say what the Defendants claim it does; it limits the jurisdiction of courts to hear challenges to the exclusion of particular aliens, not to the promulgation of rules.

The Court should deny the motion.

## Standard of Review

Deciding the Defendants' motion requires that the Court interpret the language of a statute, which depends on the ordinary public meaning of the statute's language at the time of enactment. *Bostock v. Clayton Cnty.* 140 S. Ct. 1731, 1738 (2020). As with all words, that meaning depends on the context in which the words are used, and the context for purposes of statutory construction, that context is the overall statutory scheme. *See Yates v. United States*, 574 U.S. 528, 537 (2015) (citations omitted); *Texas v. Biden ("Texas MPP")*, 20 F.4th 928, 977–78 (5th Cir. 2021).

Argument

## A. Fifth Circuit precedent—which the Defendants omitted from their motion—states that this Court has jurisdiction.

"[T]he entirety of the text and structure of § 1252 indicates that it operates only on denials of relief for individual aliens." *Texas MPP*, 20 F.4th at 977. That binding language from the Fifth Circuit—affirming this bench of this Court—is not even six months old. The Defendants do not address it or distinguish it; they do not even acknowledge that it exists. The Fifth Circuit was right to affirm the Court then, just as the Court had been right to deny the federal defendants' arguments then. *See Texas v. Biden*, 554 F. Supp. 3d 818, 843–845 (N.D. Tex. 2021). Nothing in the interim has changed, and nothing relevant distinguishes those cases from this one. The holding should be the same: The Court has jurisdiction.

## B. Section 1252(e) does not strip the Court of jurisdiction.

The Fifth Circuit reached its conclusion that Section 1252 applies only to challenges by individual aliens after analyzing several of that section's subsections. *Texas MPP*, 20 F.4th at 977. Reading Section 1252 as stripping courts of jurisdiction to hear APA challenges, as the federal defendants there rand the Defendants here wish to do, "would bury an awfully large elephant in a really small mousehole." *Id.* at 977–78 (citing *Am. Bar Assn. v. FTC*, 430 F.3d 457, 469 (D.C. Cir. 2005) (Sentelle, J.)). It is true as far as it goes that 1252(e), which the Defendants are citing here, was not one of those subsections. It is also true that § 1252(e) fits within the Fifth Circuit's construction of the section as a whole with zero trouble. That is because the Fifth Circuit's construction is correct: Section 1252 applies only to individual aliens' challenges to orders excluding or removing them from the United States. As this suit is not such a challenge, Section 1252 does not apply, and the Court has jurisdiction.

Statutes must be interpreted by reading them in the proper context, *see Yates*, 574 U.S. at 537, which here means, at a minimum, the entirety of Section 1252. The Defendants' violation of this key rule—except for asides to § 1252(a)(2), which is a cross-reference to § 1252(e), their discussion does not stray from *a sole subparagraph of that sole subsection* of Section 1252—is a necessary step in reaching their erroneous interpretation. A full reading of § 1252, as the Fifth Circuit conducted in *Texas MPP*, demonstrates why.

The first non-textual indication that Section 1252 applies solely to individual aliens' challenges is found in its title, "Judicial Review of Orders of Removal." The second is the section's structure. Indeed, each subsection in that section addresses such orders:

    a. Removal orders generally; identifies particular types of such orders that are not subject to judicial review; particular types of such orders that are not subject to discretionary review; makes Section 1252's the sole means to review such orders

    b. Requirements for a petitioner to invoke a court's jurisdiction to review of a removal order

    c. Two requirements a petition for review must satisfy

    d. Limits on when a court may consider a petition

    e. Titled "Judicial review of orders under section 1225(b)(1);" the only subsection the Defendants address

    f. Prevents courts from awarding injunctive relief except to "an individual alien against whom proceedings … have been initiated"

    g. A catch-all, denying all courts jurisdiction to hear cases "by or on behalf of any alien arising from the decision … to commence proceedings, adjudicate cases, or execute removal orders"

Out of all these, the Defendants address only Subsection e, which is itself further broken down into five paragraphs:

1. Prohibits a court from awarding equitable relief "in any action pertaining to an order to exclude an alien" except as otherwise authorized in Section 1252

2. Permits challenges to orders of removal to be through petitions for habeas corpus, if they are limited to one or more of three specific questions

3. Titled "Challenges to the validity of the system;" the only paragraph the Defendants address

4. Limits the remedies a court may order if it makes one of two specific findings

5. Limits the scope of a court's inquiry when determining whether the petitioner is the actual person who was ordered removed

And Paragraph 3 is itself broken down in four subparagraphs, only the first of which the Defendants address:

**(A) In general**

Judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of--

(i) whether such section, or any regulation issued to implement such section, is constitutional; or

(ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.

8 U.S.C. § 1252(e)(3)(A).

To read this single subparagraph as stripping all but a single federal court of jurisdiction to hear an APA challenge is out of step with immigration law in general and Section 1252 in particular. It is only by isolating this one sentence

5

that the Defendants can reach their conclusion that the Court is powerless to hear this case, but that violates the Court's obligation to construe a statute "as a symmetrical and coherent regulatory scheme" that "fit[s], if possible, all parts into an harmonious whole." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (citations omitted). The Defendants' reading does not. The reading adopted by the Fifth Circuit—the correct reading—does.

The Illegal Immigration Reform and Immigrant Responsibility Act, 110 Stat. 3009–546, that enacted Section 1252, crafted a system for expeditiously removing those making meritless asylum claims from the country. *See Dept. of Homeland Sec. v. Thuraissigiam*, 140 S. Ct. 1959, 1963 (2020); *Am. Immig. Lawyers Assn. v. Reno*, 199 F.3d 1352, 1354 (D.C. Cir. 2000). Section 1252 limits the availability of judicial review for aliens seeking to challenge expedited removal. Each of its subsections addresses the method by which an alien may challenge an order of removal issued under Section 1225. Subsection e does so not with an unusual intrusion into the APA's governance of how agencies promulgate regulations; rather, it does so by specifying that the same persons addressed elsewhere throughout the section (aliens who wish to challenge an order removing them from the country) on a particular basis (that the underlying regulation is inconsistent with or otherwise violates the law) must do so in a particular forum (the District Court for the District of Columbia).

There is no indication in the rest of Section 1252 that it addresses anything other than petitions for review of orders that aliens be removed from the country. Reading Section 1252(e)(A) out of context to do so would put it out of step with the rest of the section. As the Fifth Circuit observed *a la* Judge Sentelle, this mousehole would be a strange place to find this elephant. The Court has jurisdiction.

## C. The Defendants' cases are inapposite—and consistent with the correct meaning of Section 1252.

Each case the Defendants cite is fully consistent with the correct reading of Section 1252(e), which is that the Court has jurisdiction. That the Defendants did not cite *Texas MPP*—indeed, that they did not cite § 1252(e) in that case, which also involved a program operated under the authority of Section 1225—suggests that they know this and are simply trying to accomplish with volume what they cannot do with quality. The Court should not be fooled.

Begin with what the Defendants call "the many cases in this Circuit that find that § 1252(a)(2)(A) and § 1252(e)(3) bar jurisdiction[.]" ECF No. 7 at 15 n.5. Each case involved an alien challenging either a removal order or the process that would lead to such an order being issued against him. The *S.L.V. v. Rosen* court noted that in that case, "each plaintiff has a final order of removal…." No. 5:21-cv-0017, 2021 WL 243442, at *1 (W.D. Tex. Jan. 25, 2021). The background section of *Reyes v. Nielsen* opens by stating that the plaintiff was "seeking review of her expedited removal from the United States…." No. 4:18-cv-3971, 2020 WL 1442349, at *1 (S.D. Tex. Feb. 6, 2020). The plaintiff in *Rodrigues v. DHS* sought a TRO that would "enjoin the United States Department of Homeland Security … from removing him to Angola, his native country[.]" No. 3:20-cv-0139, 2020 WL 777278, at *1 (N.D. Tex. Feb. 18, 2020). Likewise, the plaintiff in *Shah v. Director* had been placed in "expedited removal proceedings" and sought a TRO stating that there was no support for the finding that he did not have a credible fear of persecution. No. 3:19-cv-1164, 2019 WL 4254139, at *1 (W.D. La. Sep. 6, 2019).

The same is true of the other cases the Defendants cite—each was brought by one or more aliens facing removal or an association suing on their behalf. In those cases, the plaintiffs:

- Sought to "prevent, or at least postpone, their expedited removal from this country." *Castro v. U.S. Dept. of Homeland Sec.*, 835 F.3d 422, 424–25 (3d Cir. 2016).

- "[W]as subjected to … expedited removal upon her attempted reentry[.]" *Brumme v. I.N.S.*, 275 F.3d 443, 445 (5th Cir. 2001).

- Filed a collateral attack against "an expedited removal order[.]" *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1080 (9th Cir. 2011).

- "[W]ere placed in expedited removal proceedings and ordered to return immediately to Pakistan." *Khan v. Holder*, 608 F.3d 325, 326 (7th Cir. 2010).

And in many cases, the geographic jurisdictional arguments were irrelevant because the suits were filed in the District of Columbia:

- "[S]ought a temporary restraining order barring their removal." *M.M.V. v. Garland*, 1 F.4th 1100, 1106 (D.C. Cir. 2021).

- Had been "ordered removed from the United States[.]" *Grace v. Barr*, 965 F.3d 883, 890 (D.C. Cir. 2020)

- Had either received notices to appear or had been deported. *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 16–17 (D.D.C. 2020);

- Were "asylum seekers who were found to lack credible fear of persecution…." *Vijender v. Wolf*, No. 19-cv-3337, 2020 WL 1935556, at *1 (D.D.C. Apr. 22, 2020).

- Challenged "an order of expedited removal…." *Dugdale v. U.S. Customs & Border Prot.*, 88 F. Supp. 3d 1, 2 (D.D.C. 2015).

- Had no standing. *Am. Immig. Lawyers Assn. v. Reno*, 199 F.3d 1352 (D.C. Cir. 2000).

- "[W]ere not able to get assistance in preparing for their credible fear interviews…." *Las Americas Immig. Advoc. Ctr. v. Wolf*, 507 F. Supp. 3d 1, 14 (D.D.C. 2020).

- Were "five individual … asylum seekers…" *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 12–14 (D.D.C. 2020).

## Conclusion

Texas respectfully requests that the Defendants' motion to transfer be denied.

Dated May 9, 2022.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700

Respectfully submitted,

AARON F. REITZ
*Lead Counsel*
Deputy Attorney General for Legal Strategy
Texas Bar No. 24105704
aaron.reitz@oag.texas.gov

*/s/ Leif A. Olson*

LEIF A. OLSON
Special Counsel
Texas Bar No. 24032801
leif.olson@oag.texas.gov

GENE P. HAMILTON
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

*Counsel for the State of Texas*

## Certificate of Service

I certify that on May 9, 2022, I filed this document through the Court's EM/ECF system, which serves it upon all counsel of record.

*/s/ Leif A. Olson*