IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, <br><br> *Plaintiff,* <br><br> v. <br><br> ALEJANDRO MAYORKAS, <br> in his official capacity as <br> Secretary of Homeland Security, *et al.*, <br><br> *Defendants.* | Civil Action No. 2:22-cv-00094-Z |

**DEFENDANTS' NOTICE OF RELATED AUTHORITY**

Defendants submit this notice to advise the Court of a decision in a similar case challenging the same Interim Final Rule (IFR) Texas challenges in this case. As Defendants noted in their pending Motion to Transfer and Motion to Stay, Defendants were aware at the time they filed that motion of one other case challenging the IFR, *Arizona v. Garland*, No. 6:22-cv-1130 (W.D. La.), brought by 20 different States, and Defendants filed a similar motion to transfer and stay in that case. ECF No. 7 at 2 n.1.

Following a hearing on May 18, 2022, Judge Joseph denied the motion to transfer without prejudice and ordered limited discovery related to State standing to bring suit challenging the IFR, and supplemental briefing on a number of issues. *See Minutes of Court*, *Arizona v. Garland*, No. 6:22-cv-1130 (W.D. La. May 18, 2022). Specifically, the court ordered a "30-day period of limited discovery as to: (1) The likely effect the subject [IFR] will have on the number of immigrants granted asylum and/or otherwise residing in Plaintiff states; and (2) The cost or other measurable

1

effect these additional persons … will have on Plaintiff states." *Id*. at 1. The court also noted that it would "remain cognizant of the jurisdictional provisions set forth in Section 1252(e)(3) and will dismiss or transfer this matter should the Court's legal and factual findings warrant." *Id*.; *see also Motion Hearing*, *Arizona v. Garland*, No. 6:22-cv-1130 (W.D. La. May 18, 2022), Tr. at 71:1–22 (noting court was "not going to stay or transfer the case right now" because further legal and factual development was required); *id*. at 72:19-22 (noting that, "[t]his notwithstanding, the Court shall remain cognizant of the jurisdictional limit set forth in 1252 and will dismiss or transfer this matter should the Court's legal and factual findings warrant").

These developments add further support for staying this case. As noted in Defendants' Motion to Transfer and Stay, because Defendants have raised threshold jurisdictional issues with this Court's authority to hear this case, the Court should stay this case pending resolution of the Motion to Transfer. *Arizona* is now further along in resolving these issues and additional developments in that case in the near future may provide useful guidance to this Court in resolving Defendants' Motion to Transfer. The supplemental briefing in *Arizona* will include additional briefing on 8 U.S.C. § 1225(b)(1)(B)(ii), *Minutes of Court* at 2, *Arizona v. Garland*, No. 6:22-cv-1130 (W.D. La. May 18, 2022), which is relevant to Defendants' argument in the Motion to Transfer that challenges to the IFR must be heard only in the District of Columbia because the IFR implements section 1225(b)(1), *see, e.g.*, ECF No. 7, at 1-2, 8-11. This additional briefing may still result in transfer of that case, and the discovery and briefing the district court ordered in *Arizona* has been expedited, meaning additional developments in that case could come soon. Accordingly, the Court should stay this case as a whole to await further developments in *Arizona* which may bear on this case.

2

"A district court has inherent discretionary authority to stay a case," *Mulvey v. Vertafore, Inc.*, No. 3:21-CV-00213-E, 2021 WL 4137522, at *1 (N.D. Tex. May 7, 2021) (citing *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)), and may use this stay authority to control the course of litigation and promote judicial economy. *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990); *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982) ("The district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice."); *cf. Opelousas Gen. Hosp. Auth. v. Louisiana Health Serv. & Indem. Co.*, No. CV 17-818, 2017 WL 3175693, at *2 (W.D. La. July 24, 2017) (granting stay and noting it is "often advisable for a district court to defer resolution of certain pretrial matters until … a decision with regard to whether a case should be transferred"); *see also* ECF No. 7 at 16-17 (collecting additional cases). This authority includes broad discretion to stay a case to await developments in a similar case that is further along and that may impact or inform the issues pending in the second case.

"'As between federal district courts, ... the general principle is to avoid duplicative litigation,'" and "to avoid piecemeal resolution of issues that call for a uniform result." *West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728-29 (5th Cir. 1985) (quoting *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817 (1976)). Thus, "a district court may … stay … an action where the issues presented can be resolved in another federal court," particularly "when similar actions are pending in two federal district courts." *Burger v. Am. Mar. Officers Union*, 170 F.3d 184 (5th Cir. 1999); *see Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997) (applying first-to-file rule to simultaneous litigation with "substantial overlap" even though parties and issues in the two matters were not identical, and holding district court abused its discretion in denying transfer motion and failing to defer to second court already

considering motion for preliminary injunction on related issues). The Fifth Circuit has thus repeatedly held that, "regardless of whether or not the suits here are identical, if they overlap on the substantive issues," the issues should be resolved "in … the jurisdiction first seized of the issues." *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 n.6 (5th Cir. 1971); *see also Mulvey*, 2021 WL 4137522, at *2 (N.D. Tex. May 7, 2021) (granting stay based on separate "earlier-filed, substantially similar" case and pending "motion to transfer" finding "the potential for saving judicial resources by avoiding duplicative litigation favors a short stay").[1]

In Texas's response to the Motion to Stay, Texas raised no specific reasons why a stay should not be granted. Apart from asserting that Defendants' Motion to Transfer should not "occupy much of the Court's time," ECF No. 14 at 1, Texas made no other argument against a stay. Accordingly, the Court should stay this matter pending further order from the district court handling *Arizona* on whether and where that case will proceed.

---

[1] Should the district court in *Arizona* determine that case should go forward in the Western District of Louisiana, it may make sense for Texas to join the 20 States bringing similar claims in that suit rather than bring a separate suit, and a brief stay of this case would allow for consideration of that possibility. This is the approach that was adopted in *Louisiana v. Centers for Disease Control & Prevention*, No. 6:22-CV-885 (W.D. La.), where Texas had filed a separate suit challenging the termination of the COVID-related restrictions under Title 42, but rather than litigate a separate suit, Texas joined the further-along suit brought by multiple States raising similar challenges in Louisiana. *See* Amended Compl., ECF No. 44, *Louisiana v. Centers for Disease Control & Prevention*, No. 6:22-CV-885 (W.D. La. May 5, 2022) (adding Texas); Minute Entry, *Texas v. Walensky*, No. 6:22-cv-13 (S.D. Tex. Apr. 26, 2022) (terminating motion for temporary restraining order and noting "related case in Louisiana"). In addition, if this suit were to move forward, Defendants would seek jurisdictional discovery on standing that would potentially be duplicative of the discovery that is about to begin in *Arizona v. Garland*.

Dated: May 23, 2022                          Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ *Brian C. Ward*
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
brian.c.ward@usdoj.gov


*Counsel for Defendants*

5

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2022, I electronically filed this notice with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Brian C. Ward*
BRIAN C. WARD
U.S. Department of Justice