# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 2:22-cv-00094-Z |
| ) | |
| ALEJANDRO MAYORKAS, ) | |
| in his official capacity as ) | |
| Secretary of Homeland Security, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

**<u>DEFENDANTS' MOTION FOR RELIEF FROM SCHEDULING ORDER</u>**

In this case, Texas challenges an interim final rule (IFR) entitled *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18,078 (March 29, 2022). The IFR was announced on March 29, 2022, but its effective date was delayed until May 31, 2022. 87 Fed. Reg. 18078. Despite that, Texas waited until the week before the IFR was set to take effect to file its Motion for Preliminary Injunction, taking nearly eight weeks to draft and file their nearly 40-page motion on May 23, 2022. ECF Nos. 20, 21. Today, the Court issued a scheduling order requiring Defendants to respond to the motion in three days. ECF No. 23. Defendants respectfully request that the Court reconsider that order and allow Defendants a reasonable amount of time to respond to the motion. Requiring Defendants to respond to the motion in three days would reward Texas's gamesmanship in delaying their motion until the last minute and, for the reasons set out below, would significantly prejudice Defendants' ability to respond. Defendants should be allowed to assemble an administrative record and conduct some limited jurisdictional discovery before responding to the motion, and Texas cannot assert any harm that would occur from allowing Defendants a more reasonable amount of time to respond to the motion.

As an initial matter, for the reasons set out in Defendants' fully briefed Motion to Transfer and Motion to Stay, ECF Nos. 7, 15, rather than move forward with briefing on Texas's Motion for Preliminary Injunction at all, Defendants believe all deadlines and proceedings in this case should be stayed until the Court rules on the Motion to Transfer. As noted in that motion, courts in this circuit do not have jurisdiction to hear claims of the nature Texas raises in this case, and there is thus no jurisdiction for the Court to consider or grant a preliminary injunction. Moreover, Defendants cannot effectively begin a response to the Motion for a Preliminary Injunction until Defendants know which circuit's law applies. In addition, as noted in Defendants' Notice of

1

Related Authority, the District Court for the Western District of Louisiana is already considering a similar challenge to the same IFR, and has ordered supplemental briefing and expedited discovery that is relevant to the transfer motion and to States' ability to pursue a similar, and earlier filed, motion for preliminary injunction in that case. *See* ECF No. 18 at 1-2 (noting that the court in *Arizona v. Garland* has ordered expedited discovery related to State standing to challenge the IFR and supplemental briefing on, among other things, section 1225(b)(1)(B)(ii), which relates to the basis for Defendants' transfer motion and may result in transfer in that case). Because these developments may inform the course of this case as well, and because the Louisiana court is further along in resolving these issues, it is appropriate to stay this case to avoid unnecessary duplicative litigation and conserve judicial resources. *Id*. at 3-4.[1]

Second, if the Court does not stay this case, Defendants need time to compile and submit the administrative record before responding to Plaintiffs' motion because *all* of Texas's claims are raised under the Administrative Procedure Act (APA), and the merits of at least some of these APA claims must be assessed based on the record that was before the agencies. Texas raises five claims for relief, all under the APA, which Texas argues "empowers the Court to … hold unlawful and set aside agency action … found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; contrary to constitutional right, power, privilege, or immunity; in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; and without

---

[1] As noted in Defendant's Notice, it may be appropriate for Texas to join the 20 other states challenging the IFR in the Western District of Louisiana, should that case move forward in that district, rather than litigate a separate, very similar case and a later-filed preliminary injunction motion here. ECF No. 18 at 4 n.1. Should the Court require additional briefing on the appropriateness of a transfer on that basis, Defendants would be happy to provide such briefing. But, because the additional briefing and factual development that will occur in *Arizona v. Garland* over the next month may effect whether such an approach is appropriate, staying this matter to await further developments in *Arizona* may further serve to avoid unnecessary briefing, avoid duplicative litigation, and conserve judicial resources.

observance of procedure required by law." Compl. ¶¶ 61-62; *see also id*. ¶¶ 63-64 (claims I and II, challenging the IFR as "contrary to law" under the APA); *id*. ¶¶ 65-69 (claim III, challenging the IFR as "contrary to constitutional power" under the APA); *id*. ¶¶ 70-77 (claim IV, challenging the IFR as "arbitrary and capricious" under the APA); *id*. ¶ 78 (claim V, challenging the IFR as violating the APA's "notice and comment" requirements). Texas moved for a preliminary injunction on four of these five APA claims, and acknowledged that "[t]his is an Administrative Procedure Act case." ECF No. 21, at 20; *see also id.* at 22-35. A court reviewing agency action under the APA is limited to reviewing "the whole record or those parts of it cited by the party," 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorio*, 470 U.S. 729, 743-44 (1985), and many of Texas's claims will require an administrative record to resolve. *See also* Order, ECF No. 52 at 4, *Texas v. Biden*, No. 21-cv-67 (N.D. Tex. Jun. 7, 2021) (Kacsmaryk, J.) ("In judicial review of agency action, the focal point for judicial review should be the administrative record the agency presents to the reviewing court." (quotation marks and citation omitted)).

Defendants will need a reasonable amount of time to identify what should be included in, and to compile, an administrative record for the challenged IFR. Defendants anticipate that the record for the 148-page IFR, issued by two separate agencies, will be voluminous, and will take a significant amount of time to compile, certify, and produce. Defendants have begun to compile the administrative record and believe they can complete that process by June 3, 2022, the deadline the district court in *Arizona v. Garland* set for Defendants to produce the administrative record for the IFR. *See Minutes of Court*, ECF No. 24 at 2, No. 6:22-cv-1130 (W.D. La. May 18, 2022).[2]

---

[2] This deadline—21 days after Plaintiffs in that case submitted their earlier-filed motion for a preliminary injunction related to the same IFR—to produce an administrative record is itself a very accelerated timeline. Although this Court does not have a local rule governing when an administrative record should be produced, fellow district courts usually do not require the production of an administrative record until Defendants file an answer to a complaint. *See, e.g.*,

3

Courts, including this Court, have allowed government agencies time to submit an administrative record before requiring a response to a motion for a preliminary injunction that is based on APA claims because the focal point for review of certain APA claims is the administrative record. *See, e.g.*, Order, ECF No. 19, *Louisiana v. Centers for Disease Control & Prevention*, 6:22-cv-885-RRS-CBW (Apr. 20, 2022) (setting deadline for response to motion for preliminary injunction at the same time as deadline to produce the record); Order, ECF No. 52 at 4, *Texas v. Biden*, No. 2:21-cv-67 (N.D. Tex. Jun. 7, 2021) (Kacsmaryk, J.) (setting deadline of 14 days after filing of a motion for preliminary injunction for filing of an administrative record because "focal point of judicial review should be the administrative record" and "the Court finds that the inclusion of the administrative record will provide a firm basis for the Court's analysis of Plaintiffs' APA claims); Order, ECF No. 37, *Texas v. Biden*, 2:21-cv-67 (N.D. Tex. May 21, 2021) (Kacsmaryk, J.) (setting deadline to respond to motion for preliminary injunction after deadline to produce the administrative record, and ordering administrative record to be produced 17 days after the filing of motion for preliminary injunction); *cf. Louisiana Crawfish Producers Ass'n-W. v. Mallard Basin, Inc.*, No. 10-CV-1085, 2014 WL 4207607, at *3 (W.D. La. Aug. 25, 2014) (explaining that "[u]nder the APA, '[t]he task of the reviewing court is to apply the appropriate standard of review, 5 U.S.C. § 706 to the agency decision based on the record the agency presents to the reviewing court....' The focal point for judicial review should be the administrative record...." (citations omitted)). And courts have held that a district court abuses its discretion in ruling on a

---

D.D.C. L. Civ. R. 7(n)(1) (filing of administrative record after answer); D. Kansas L. Civ. R. 83.1(c)(1) (filing of administrative record with answer); D. Utah L. Civ. R. 7-4(a)(4–5) (filing of administrative record after ruling on motion to dismiss); N.D. Cal. Local Rule 16-5 (in cases seeking "District Court review on an administrative record, the defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint").

motion for preliminary injunction without allowing time for the government to produce the administrative record. *See Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582–83 (D.C. Cir. 2001) (holding that "before assessing … probability of success on the merits" court "should have required the [agency] to file the administrative record," and vacating and remanding because district court improperly ruled on motion for preliminary injunction without a sufficient basis); *see also id.* (noting that Supreme Court's decision in *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), also "arose on a motion for a preliminary injunction (to halt construction of a highway)" and ruled that the review must "be based on the full administrative record that was before the [agency]").

Third, Defendants should be provided a reasonable amount of time to conduct jurisdictional discovery on Texas's standing to bring its claims before having to brief Texas's lack of standing in response to the preliminary injunction motion. The district court in *Arizona* has provided a reasonable period of 30 days for such discovery before evaluating, or requiring further briefing, on plaintiffs' earlier-filed motion for preliminary injunction in that case, despite plaintiffs there asking for an expedited briefing schedule on their motion. *See Minutes of Court*, ECF No. 24 at 1, *Arizona v. Garland*, No. 6:22-cv-1130 (W.D. La. May 18, 2022). Although the Fifth Circuit has not established a standard for when expedited discovery should be allowed, courts generally allow such discovery when good cause exists. *See, e.g.*, *Equistar Chemicals, LP v. Maschinenfabrik Alfing Kessler GmbH*, No. 2:13-CV-02642, 2014 WL 3735219, at *1 (W.D. La. July 28, 2014) (collecting cases). Good cause exists where the need for expedited discovery outweighs the prejudice to the responding party. *Id*.

Here, to the extent Texas might assert any prejudice from delaying consideration of its motion to allow for limited discovery into the State's standing, any such prejudice could only be

5

the result of Texas's own actions. As noted above, the IFR was published on March 29, 2022, meaning that Plaintiffs had more than 60 days after the IFR was published before the effective date. Yet Plaintiffs waited 55 days to draft and file a motion for a preliminary injunction. If Texas wanted its motion considered before the effective date, Texas should not have waited until the week before the effective date to file. A party cannot "create their own emergency" "by waiting so long to file a motion" and then use that emergency to justify the need for emergency relief. *Johnson v. Secure Ventures LLC*, No. CV-22-00568-PHX-JAT, 2022 WL 1046388, at *1 (D. Ariz. Apr. 7, 2022) (collecting cases).

Texas also cannot claim any harm from a briefing schedule that concludes within a reasonable amount of time after the IFR's effective date. As the IFR details, even after it goes into effect, the agencies will undertake a "phased implementation" that "will allow the Departments to begin employing the proposed process in a controlled manner for a limited number of cases," giving the agencies an opportunity to work through any operational challenges that might arise before implementing the IFR more broadly. 87 Fed. Reg. at 18114. The agencies will also need to hire additional employees to fully implement the rule. *Id*.; 87 Fed. Reg. at 18185. And, "once USCIS meets its staffing requirements, time will be required for the new asylum staff to be trained for their positions, which may occur *over several months*." 87 Fed. Reg. at 18196 (emphasis added). "Given limited agency resources, the Departments anticipate first implementing this new process for only a limited number of noncitizens who receive a positive credible fear determination after the effective date of this rule." 87 Fed. Reg. at 18185. "The Departments also anticipate limiting referrals under the initial implementation of this rule to noncitizens apprehended in certain Southwest border sectors or stations, as well as based on the noncitizen's final intended destination." *Id*. As a result, it is likely that only a very few, if any, individuals will have their

asylum application resolved on the merits by USCIS under the IFR's provisions in the month following the IFR's effective date, and there is no reason to believe that even individuals that are processed under the IFR will end up in Texas. Considering the delay in filing and the lack of evidence of any prejudice to Texas, Texas cannot justify a schedule that requires Defendants to respond to their motion within three days, without the benefit of an administrative record or jurisdictional discovery.[3]

Accordingly, Defendants respectfully request that the Court amend the schedule to allow Defendants until at least June 3, 2022, to compile and produce the administrative record, and to delay additional briefing on Texas's motion until after Defendants have had a reasonable amount of time to conduct jurisdictional discovery. Even putting aside the need for jurisdictional discovery and an administrative record, requiring Defendants to respond to Texas's nearly 40-page motion raising a range of claims and arguments in three days would seriously prejudice Defendants, and would reward Texas's significant delay in filing its motion. At an absolute minimum, if the Court is not inclined to allow limited discovery before resolving the motion, Defendants request that they be given at least until June 3, 2022, to produce the administrative record, and to June 10, 2022, to respond to the motion.

---

[3] In addition, Texas cannot show any prejudice if it is not able to quickly seek injunctive relief because Texas is barred from seeking injunctive relief at all in this case for the reasons set out in Defendants' Supplemental Memorandum on 8 U.S.C. § 1252(f). ECF No. 17. Also, because the Supreme Court is currently considering this issue and will likely provide guidance on section 1252(f) in the next month, delaying resolution of the Motion for Preliminary Injunction would have the added benefit of allowing the Court to consider the Supreme Court's ruling before issuing a ruling with respect to Texas's motion in this case.

| | |
|---|---|
| Dated: May 23, 2022 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>District Court Section<br><br>EREZ REUVENI<br>Assistant Director<br><br><u>By:/s/ *Brian C. Ward*</u><br>BRIAN C. WARD<br>Senior Litigation Counsel<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel.: (202) 616-9121<br>brian.c.ward@usdoj.gov<br><br>*Counsel for Defendants* |

**CERTIFICATE OF CONFERENCE**

I hereby certify that on May 23, 2022, I conferred with counsel for Plaintiff about the relief requested in this motion. Plaintiff opposes this motion.

/s/ *Brian C. Ward*
BRIAN C. WARD
U.S. Department of Justice

**CERTIFICATE OF SERVICE**

I hereby certify that on May 23, 2022, I electronically filed this motion with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Brian C. Ward*
BRIAN C. WARD
U.S. Department of Justice