United States District Court
Northern District of Texas
Amarillo Division

STATE OF TEXAS,
   *Plaintiff,*

v.

ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security, *et al.*,
   *Defendants.*

Case 2:22-cv-00094

## Texas' Opposition to Defendants' Motion For Relief From Scheduling Order

The Defendants' motion seeking postponement should be denied.

*First*, as the Defendants concede, ECF No. 24 at 3, several of Texas's claims do not require an administrative record. If the Interim Final Rule violates the Homeland Security Act, the Appointments Clause, and or the Defendants' parole authority, it does so regardless of the record the Defendants assembled to support their policy choice to violate them.

*Second*, this is one of two lawsuits, both filed on April 28, that the Defendants are facing. ECF No. 1; *see* ECF No. 1, *Arizona v. Garland*, No. 6:22-cv-1130 (W.D. La. Apr. 28, 2022). They have known for nearly a month that, whether filed in this court, in Louisiana, or in the District of Columbia, they would need an administrative record.

*Third,* to the extent a record is necessary, there is no reason the Defendants can't identify gaps that need filling when they file their opposition. The Defendants have to rely on the reasons they gave when they propounded their rule; they can't use the administrative record to invent new justifications for it. *See Dept. of Commerce v. New York*, 139 S. Ct. 2551, 2556 (2019) ("A court is ordinarily limited to evaluating the agency's contemporaneous

explanation in light of the existing administrative record[.]"). If the quarter-ream of preamble prepended to the rule—which is already before the Court—doesn't justify their choices, the back-up documents are irrelevant, and the Defendants lose anyway. If the justification in the quarter-ream needs additional explanation, the Court can rule on the portions of the preliminary-injunction motion that don't need elaboration—that is, rule based on its "review [of] those parts of [the record] cited by the parties, 5 U.S.C. § 706—and postpone ruling on the pending portions until the entire record is produced.

*Fourth*, just as with their motion to transfer, the Defendants identify no particular jurisdictional discovery they need. Vague notions that facts might be out there do not warrant postponements. *Cf. Adams v. Travelers Indem. Co. of Conn.* 465 F.3d 156, 162 (5th Cir. 2006) ("A party cannot evade summary judgment simply by arguing that additional discovery is needed, and may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts.") (cleaned up). And at any rate, if their only jurisdictional argument is that this case belongs in the District of Columbia, that is a legal conclusion, not a fact-based one.

*Fifth*, the Defendants ask this Court to wait, paralyzed, for a ruling from the Supreme Court in the coming month that might prove dispositive to their motion to transfer. They claim potential prejudice due to a circuit split, but, as with their vague notion regarding discovery, the point to no specific issues where such a split exists, much less describe how it matters.

*Sixth*, the Defendants concede that their rule is going to be rolled out slowly and will take months to fully implement. ECF No. 24 at 7. If so, and if the Court is inclined to grant discovery or postpone the preliminary-injunction schedule, what harm accrues to the Defendants from a postponement of the effective date of the rule until after consideration of the motion? If Texas is

correct, it is threatened with irreparable harm as soon as the Interim Rule goes into effect; the Court has the power to, "as may be required and to the extent necessary to prevent irreparable injury, issue all necessary and appropriate process to postpone the effective date of [the Defendants'] action. . . ." 5 U.S.C. § 705. The equities prefer preventing harm to Texas over the Defendants' admittedly pokey roll-out plans.

Texas respectfully requests that the Court deny Defendants' Motion for Relief from the Scheduling Order and further requests all other relief to which it may be entitled.

| | |
|---|---|
| Dated May 24, 2022. | Respectfully submitted, |
| KEN PAXTON<br>Attorney General of Texas | AARON F. REITZ<br>*Lead Counsel*<br>Deputy Attorney General for Legal Strategy |
| BRENT WEBSTER<br>First Assistant Attorney General | Texas Bar No. 24105704<br>aaron.reitz@oag.texas.gov |
| OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>(512) 936-1700 | */s/ Leif A. Olson*<br>LEIF A. OLSON<br>Special Counsel<br>Texas Bar No. 24032801<br>leif.olson@oag.texas.gov |
| | GENE P. HAMILTON<br>America First Legal Foundation<br>300 Independence Avenue SE<br>Washington, DC 20003<br>(202) 964-3721<br>gene.hamilton@aflegal.org |
| | *Counsel for the State of Texas* |

**Certificate of Service**

    I certify that on May 24, 2022, this opposition was filed through the Court's CM/ECF system, which served it upon all counsel of record.

                                                            */s/ Leif A. Olson*

*Texas v. Mayorkas*, No. 2:22-cv-00094  
Texas's Opp. to Mot. for Relief from Sched. Order  
Page 4 of 4