**United States District Court**
**Northern District of Texas**
**Amarillo Division**

| | |
|---|---|
| STATE OF TEXAS,<br>    *Plaintiff,*<br><br>v.<br><br>ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security, *et al.*,<br>    *Defendants.* | Case 2:22-cv-00094 |

## Texas's Proposed Briefing Schedule

### A. A proposed schedule.

The parties conferred and agreed that, should the Court not permit jurisdictional discovery before additional briefing, the administrative record should be due on June 3, the Defendants' response to the preliminary-injunction motion due on June 10, and Texas's reply supporting the motion due on June 17. Texas further believes that the Court should hear the preliminary-injunction motion as soon as practicable after the reply brief is filed.

### B. Discovery is not required.

Texas does not believe jurisdictional discovery is necessary. While conferring, the Defendants indicated that they plan to seek discovery regarding whether an injury can be attributed to the release of an alien as a result of the Interim Final Rule. But as the Fifth Circuit has held, proving harm does not require Texas to "show[] it has [] issued [] licenses to immigrants who became eligible because of" the Defendants' rule." *Texas v. Biden*, 40 F.4th 928, 971 (5th Cir. 2021). Indeed,

> There would always remain some possibility that *any given* [releasee] would have been [released] even under [the current asylum rules]. [The Interim Final Rule] is precisely the sort of

> large-scale policy that's amenable to challenge using large-scale statistics and figures, rather than highly specific individualized documents. And Texas's standing is robustly supported by just such big-picture evidence.

*Id.* (emphasis in original).

Texas in this case uses the same class of evidence that this Court and others have credited not just as sufficient to allege standing, but sufficient to demonstrate harm that warrants injunctive relief. *See, e.g.*, *Texas v. Biden*, 554 F. Supp. 818 (N.D. Tex.), *affd.*, 20 F.4th 928 (5th Cir. 2021) (Migrant Protection Protocols); *Texas v. United States*, 86 F. Supp. 3d 591 (S.D. Tex.), *affd.*, 809 F.3d 134 (5th Cir. 2015) (DAPA); *Texas v. United States*, 555 F. Supp.3d 351 (S.D. Tex. 2021), *dismd. as moot*, 2022 WL 517281 (5th Cir. Feb. 11, 2022). That evidence was sufficient then, and it is sufficient now—as the Fifth Circuit made clear in rejecting the Defendants' arguments to the contrary a few months ago. 20 F.4th at 971.

## C. A backup schedule.

Should the Court order jurisdictional discovery, it should require the parties serving that discovery to do so by June 3 with responses due by June 14. The Defendants' opposition to the preliminary-injunction motion should then be due on June 21, with Texas's reply due on June 28 and the Court's determination to follow as soon after that as is practicable.

## D. Conclusion.

Texas respectfully requests that the Court deny jurisdictional discovery and set the schedule laid out in Section A. In the alternative, it respectfully requests that the Court set the schedule laid out in Section C. Texas further requests all other relief to which it may be entitled.

| | |
|---|---|
| Dated May 27, 2022. | Respectfully submitted, |
| KEN PAXTON<br>Attorney General of Texas | AARON F. REITZ<br>*Lead Counsel*<br>Deputy Attorney General for Legal Strategy |
| BRENT WEBSTER<br>First Assistant Attorney General | Texas Bar No. 24105704<br>aaron.reitz@oag.texas.gov |
| OFFICE OF THE ATTORNEY GENERAL<br>P.O. Box 12548<br>Austin, Texas 78711-2548<br>(512) 936-1700 | */s/ Leif A. Olson*<br>LEIF A. OLSON<br>Special Counsel<br>Texas Bar No. 24032801<br>leif.olson@oag.texas.gov |
| | GENE P. HAMILTON<br>America First Legal Foundation<br>300 Independence Avenue SE<br>Washington, DC 20003<br>(202) 964-3721<br>gene.hamilton@aflegal.org |
| | *Counsel for the State of Texas* |

## Certificate of Service

I certify that on May 27, 2022, this proposed briefing schedule was filed through the Court's CM/ECF system, which served it upon all counsel of record.

*/s/ Leif A. Olson*