**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| STATE OF TEXAS, <br><br> *Plaintiff,* <br><br> v. <br><br> ALEJANDRO MAYORKAS, <br> in his official capacity as <br> Secretary of Homeland Security, *et al.*, <br><br> *Defendants.* | Civil Action No. 2:22-cv-00094-Z |

**DEFENDANTS' PROPOSED SCHEDULE**

**INTRODUCTION**

On May 24, 2022, the Court ordered the parties "to confer and to each *separately* propose a briefing schedule with respect to Plaintiff's Motion for Preliminary Injunction." ECF No. 28. The Court further ordered that "[t]he proposed briefing schedules shall address whether—and to what extent—discovery is needed and the earliest date that such discovery can be completed," and "also address the feasibility of Defendants' proposed June 3 and June 10 dates." *Id*. For the reasons set out below, Defendants propose the following.

First, Defendants propose the Court stay this case pending resolution of Defendants' motion to transfer, and pending further developments in *Arizona v. Garland*, No. 6:22-cv-1130 (W.D. La.), a case challenging the same Interim Final Rule (IFR) in which an earlier-filed motion for preliminary injunction is pending. Second, if the Court is not inclined to stay this case, the Court should permit Defendants to conduct some limited jurisdictional discovery into Texas's standing to bring this suit before requiring additional briefing. That discovery should take place on a schedule similar to that ordered in *Arizona*, where the court has permitted similar discovery before requiring additional briefing on the preliminary injunction motion or considering the court's jurisdiction to hear a suit challenging the IFR. Third, if the Court is not inclined to permit some jurisdictional discovery before moving forward with this matter, the Court should allow Defendants until June 3, 2022, to assemble and produce the administrative record for the IFR, the same expedited schedule Defendants are working to meet for the record in *Arizona*, and permit Defendants a reasonable amount of time after the record is available, at least until June 10, to respond to the motion for preliminary injunction. The Court should reject any effort by Texas to seek a more compressed schedule in light of Texas's decision to wait 55 days to draft and file a motion for a preliminary injunction in this case.

1

I.  **The Court Should Stay This Case.**

As set out in Defendants' fully briefed Motion to Transfer and Motion to Stay, ECF Nos. 7, 15, rather than move forward with briefing on Texas's Motion for Preliminary Injunction, Defendants believe all deadlines and proceedings in this case should be stayed until the Court rules on the Motion to Transfer. As noted in that motion, courts in this circuit do not have jurisdiction to hear claims of the nature Texas raises in this case, and there is thus no jurisdiction for the Court to consider or grant a preliminary injunction. Moreover, Defendants cannot fully begin a response to the Motion for a Preliminary Injunction until Defendants know which circuit's law applies.

In addition, as noted in Defendants' Notice of Related Authority, the District Court for the Western District of Louisiana is already considering a similar challenge to the IFR, and has ordered supplemental briefing and expedited discovery that is relevant to the transfer motion and to States' ability to pursue a similar, and earlier filed, motion for preliminary injunction in that case. *See* ECF No. 18 at 1-2 (noting court in *Arizona* ordered expedited discovery related to State standing to challenge the IFR and supplemental briefing on, among other things, section 1225(b)(1)(B)(ii), which relates to the basis for Defendants' transfer motion and may result in transfer in that case). Because these developments may also inform the course of this case, and because the Louisiana court is further along in resolving these issues, it is appropriate to stay this case to avoid unnecessary duplicative litigation and conserve judicial resources. *Id.* at 3-4; *see also Conner v. Biden*, No. 6:21-cv-074, 2021 WL 6773174, at *5 (N.D. Tex. Dec. 28, 2021) (noting a "Court may stay a case sua sponte based on a potential lack of standing pending a ruling by another court" and collecting cases).

The Fifth Circuit has repeatedly held that, "regardless of whether or not the suits here are identical, if they overlap on the substantive issues," the issues should be resolved "in … the

jurisdiction first seized of the issues." *Mann Mfg., Inc. v. Hortex, Inc.,* 439 F.2d 403, 408 n.6 (5th Cir. 1971); *see also West Gulf Maritime Ass'n v. ILA Deep Sea Local 24,* 751 F.2d 721, 728-29 (5th Cir. 1985) ("As between federal district courts, ... the general principle is to avoid duplicative litigation," and "piecemeal resolution of issues that call for a uniform result." (quotation marks omitted)); *Burger v. Am. Mar. Officers Union*, 170 F.3d 184 (5th Cir. 1999) ("[A] district court may … stay … an action where the issues presented can be resolved in another federal court," particularly "when similar actions are pending in two federal district courts."); *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997) (applying first-to-file rule to simultaneous litigation with "substantial overlap" even though parties and issues were not identical, and holding district court abused its discretion in denying transfer motion and failing to defer to second court already considering motion for preliminary injunction on related issues); *Mulvey v. Vertafore, Inc.*, No. 3:21-CV-00213-E, 2021 WL 4137522, at *1-2 (N.D. Tex. May 7, 2021) (granting stay based on separate "earlier-filed, substantially similar" case and pending "motion to transfer" finding "the potential for saving judicial resources by avoiding duplicative litigation favors a short stay").[1]

A stay would also allow the Court to benefit from guidance the Supreme Court is likely to

---

[1] It may also ultimately be more appropriate for Texas to join the 20 States challenging the IFR in Louisiana, should that case move forward in that district, rather than litigate a separate, very similar case and a later-filed preliminary injunction motion here. ECF No. 18 at 4 n.1. This approach was adopted in *Louisiana v. Centers for Disease Control & Prevention* ("*CDC*"), No. 6:22-CV-885 (W.D. La.), where Texas filed a separate suit challenging the termination of COVID-related restrictions under Title 42, but then, rather than litigate a separate suit, joined the further-along suit brought by multiple States raising similar challenges in Louisiana. *See* Amended Compl., ECF No. 44, *Louisiana v. CDC*, No. 6:22-CV-885 (W.D. La. May 5, 2022) (adding Texas); Minute Entry, *Texas v. Walensky*, No. 6:22-cv-13 (S.D. Tex. Apr. 26, 2022) (terminating motion for temporary restraining order and noting "related case in Louisiana"). Should the Court require additional briefing on the appropriateness of a transfer on that basis, Defendants would be happy to provide such briefing. But, because additional briefing and factual development in *Arizona v. Garland* over the next month may effect whether consolidating these cases is appropriate, staying this matter to await those further developments may aid consideration of such an approach and thus also serve to avoid unnecessary and duplicative litigation, and conserve judicial resources.

3

provide in the next month on whether 8 U.S.C. § 1252(f)(1) bars Texas's request for a preliminary injunction to restrain the operation of 8 U.S.C. § 1252(b)(1)(B)(ii). *See Biden v. Texas,* 21-954, 2022 WL 1299971 (May 2, 2022) (ordering supplemental briefing on section 1252(f)(1)).[2] Texas asks this Court to read requirements into section 1252(b)(1)(B)(ii) that bar the IFR's approach to implementing that provision. For the reasons set out in Defendants' Supplemental Memorandum on 8 U.S.C. § 1252(f), ECF No. 17, Congress eliminated injunctions of that sort, and the Supreme Court is likely to issue a decision in the next month in one or more pending cases that will clarify section 1252(f) further. Whatever the Supreme Court ultimately decides about section 1252(f)(1), whether favorable to the government's position or not, will inform the Court's decisions in this case, should this case remain in this district.

## II. The Court Should Allow Time For Defendants To Conduct Limited Jurisdictional Discovery Before Additional Briefing.

If the Court does not stay this case, Defendants propose the following schedule:

June 3, 2022    Defendants produce to Plaintiff the administrative record for the IFR

June 27, 2022   Parties complete 30-day period of limited jurisdictional discovery into Texas's alleged injuries and standing to bring this suit

July 1, 2022    Parties submit updated proposals for additional briefing and proceedings

This schedule closely matches the schedule ordered in *Arizona*. *See Minutes of Court*, ECF No. 24, No. 6:22-cv-1130 (W.D. La. May 18, 2022). As in that case, this Court should stay additional briefing on the motion for preliminary injunction and Defendants' answer deadline pending a limited period of discovery "regarding the State['s] standing to bring this action." *Id*.

As to the administrative record, the *Arizona* court has set a June 3 deadline that the agencies are working to meet. Defendants can thus produce the administrative record in this case at the same

---

[2] The supplemental briefing on this question in the Supreme Court has already been completed.

time as in *Arizona*. Defendants need this reasonable amount of time to identify what should be included in, and to compile, the administrative record for the challenged IFR. Defendants anticipate that the record for the 148-page IFR, issued by two separate agencies, will be voluminous, and will take a significant amount of time to compile, certify, and produce. Defendants have begun to compile the administrative record and are working to complete that process by June 3, 2022, the deadline the district court set in *Arizona*.[3]

Defendants should also be provided a reasonable amount of time to conduct jurisdictional discovery on Texas's standing to bring its claims before having to brief Texas's lack of standing in response to the preliminary injunction motion. Texas's theory of standing is based entirely on speculation, and Defendants should have an opportunity to test these speculative allegations of harm before the Court considers whether Texas may even pursue its request for a preliminary injunction. At a minimum, Defendants should be allowed 30 days to serve a set of discovery requests and conduct depositions on Texas's unsupported allegations that the IFR will cause increased costs to the State related to licenses, education, healthcare, law enforcement, and corrections, Mot. 17-19, as well as the assertion that the IFR will cause immediate and irreparable harm due to these asserted cost increases, *id.* at 35-36. In order to seek a preliminary injunction, Texas must show, among other things, "a substantial likelihood of establishing Article

---

[3] This deadline—21 days after Plaintiffs in that case submitted their earlier-filed motion for a preliminary injunction related to the same IFR—to produce an administrative record is itself a very accelerated timeline. Although this Court does not have a local rule governing when an administrative record should be produced, fellow district courts usually do not require the production of an administrative record until Defendants file an answer to a complaint. *See, e.g.*, D.D.C. L. Civ. R. 7(n)(1) (filing of administrative record after answer); D. Kansas L. Civ. R. 83.1(c)(1) (filing of administrative record with answer); D. Utah L. Civ. R. 7-4(a)(4–5) (filing of administrative record after ruling on motion to dismiss); N.D. Cal. Local Rule 16-5 (in cases seeking "District Court review on an administrative record, the defendant must serve and file an answer, together with a certified copy of the transcript of the administrative record, within 90 days of receipt of service of the summons and complaint").

III standing," and "a substantial threat of irreparable injury." *Louisiana v. CDC*, No. 6:22-CV-00885, 2022 WL 1604901, at *10, 15 (W.D. La. May 20, 2022); *see also Barber v. Bryant*, 860 F.3d 345, 352 (5th Cir. 2017) ("Because a preliminary injunction 'may only be awarded upon a clear showing that the plaintiff is entitled to such relief,' the plaintiffs must make a 'clear showing' that they have standing to maintain the preliminary injunction.'" (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).

After expressing skepticism about States' standing to bring a suit challenging the IFR, the district court in *Arizona* ordered a similar reasonable 30-day period for such discovery before evaluating, or requiring further briefing, on plaintiffs' earlier-filed motion for preliminary injunction in that case, despite plaintiffs asking for an expedited briefing schedule. *See Minutes of Court*, ECF No. 24 at 1, No. 6:22-cv-1130 (W.D. La. May 18, 2022). That skepticism is especially warranted because asylum applications will initially only be decided under the IFR for individuals whose final destination is one of six locations, none of which is in Texas. *See* DHS Fact Sheet, *available at https://www.dhs.gov/news/2022/05/26/fact-sheet-implementation-credible-fear-and-asylum-processing-interim-final-rule* (explaining that initially referrals for asylum merits interviews under the IFR will be limited to "approximately a few hundred noncitizens" a month, and also "will be limited to those individuals who indicate … an intention of residing in one of the following six cities: Boston, Los Angeles, Miami, New York, Newark, or San Francisco").

Although the Fifth Circuit has not established a standard for when expedited discovery should be allowed, courts generally permit such discovery when good cause exists. *See, e.g.*, *Equistar Chemicals, LP v. Maschinenfabrik Alfing Kessler GmbH*, No. 2:13-CV-02642, 2014 WL 3735219, at *1 (W.D. La. July 28, 2014) (collecting cases). Good cause exists where the need for expedited discovery outweighs the prejudice to the responding party. *Id.* "In determining

6

whether good cause exists, courts often consider '[ ] whether a preliminary injunction is pending.'" *Greenthal v. Joyce*, No. 4:16–CV–41, 2016 WL 362312, at *2 (S.D. Tex. Jan. 29, 2016) (quoting *St. Louis Grp., Inc. v. Metals & Additives Corp.*, 275 F.R.D. 236, 240 (S.D. Tex. 2011)); Fed. R. Civ. P. 26(d), Advisory Committee Note to 1993 Amendment (noting that early discovery "will be appropriate in some cases, such as those involving requests for a preliminary injunction"). Good cause exists here because there are genuine questions as to Texas's standing to challenge the IFR and the State's assertions of imminent harm, particularly given the phased rollout of the IFR discussed further below, and agency guidance initially limiting the locations where noncitizens will get asylum decisions under the IFR. The Court will need to address these questions in any ruling on the motion for preliminary injunction. And, as noted below, Texas cannot assert any prejudice from allowing a brief period of jurisdictional discovery before additional briefing.

  **III.** **The Court Should Allow Time For Defendants To Compile An Administrative Record Before Any Additional Briefing.**

The parties conferred and reached agreement on a proposed schedule that should apply if the Court is not inclined to adopt a schedule that would permit time for jurisdictional discovery before additional briefing. The parties jointly propose the following schedule in that scenario:

  June 3, 2022  Defendants produce to Plaintiff the administrative record for the IFR

  June 10, 2022  Defendants' response to the motion for preliminary injunction

  June 17, 2022  Texas's reply in support of the motion for preliminary injunction

This proposed schedule allows Defendants at least a minimum amount of time to review and address the administrative record in Defendants' response to the motion for preliminary injunction, and provides Texas time to do so as well. All of Texas's claims are raised under the Administrative Procedure Act (APA), and the merits of at least some of these claims must be assessed based on the record that was before the agencies. *See* Compl. ¶¶ 63-64 (claims I and II, challenging IFR as

"contrary to law" under the APA); *id.* ¶¶ 65-69 (claim III, challenging IFR as "contrary to constitutional power" under the APA); *id.* ¶¶ 70-77 (claim IV, challenging IFR as "arbitrary and capricious" under the APA); *id.* ¶ 78 (claim V, challenging IFR as violating APA's "notice and comment" requirements). Texas moved for a preliminary injunction on four of these five APA claims, and acknowledged that "[t]his is an Administrative Procedure Act case." ECF No. 21, at 20; *see also id.* at 22-35. A court reviewing agency action under the APA is limited to reviewing "the whole record or those parts of it cited by the party," 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorio*, 470 U.S. 729, 743-44 (1985), and at least some of Texas's claims will require an administrative record to resolve. *See also* Order, ECF No. 52 at 4, *Texas v. Biden*, No. 21-cv-67 (N.D. Tex. Jun. 7, 2021) (Kacsmaryk, J.) ("In judicial review of agency action, the focal point for judicial review should be the administrative record." (quotation marks and citation omitted)).

Courts, including this Court, have allowed agencies time to submit a record before requiring a response to a motion for a preliminary injunction that is based on APA claims so that the response can address the record, the focal point for review of certain APA claims. *See* Order, ECF No. 19, *Louisiana v. CDC*, 6:22-cv-885-RRS-CBW (Apr. 20, 2022); Order, ECF No. 52 at 4, *Texas v. Biden*, No. 2:21-cv-67 (N.D. Tex. Jun. 7, 2021) (Kacsmaryk, J.) (setting record deadline 14 days after filing of preliminary injunction motion because "focal point of judicial review should be the administrative record" and "inclusion of the administrative record will provide a firm basis for the Court's analysis of Plaintiffs' APA claims); Order, ECF No. 37, *Texas v. Biden*, 2:21-cv-67 (N.D. Tex. May 21, 2021) (Kacsmaryk, J.) (setting deadline to respond to motion for preliminary injunction after deadline to produce the administrative record, and ordering record be produced 17 days after the motion); *cf. Louisiana Crawfish Producers Ass'n-W. v. Mallard Basin, Inc.*, No. 10-CV-1085, 2014 WL 4207607, at *3 (W.D. La. Aug. 25, 2014) (explaining that

"[u]nder the APA, '[t]he task of the reviewing court is to apply the appropriate standard of review, 5 U.S.C. § 706 to the agency decision based on the record the agency presents to the reviewing court'" (citations omitted)).[4]

Courts have held that a district court abuses its discretion in ruling on a motion for preliminary injunction without allowing time to produce the administrative record. *See Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582–83 (D.C. Cir. 2001) (holding that "before assessing … probability of success on the merits" court "should have required the [agency] to file the administrative record," and vacating and remanding because district court improperly ruled on motion for preliminary injunction without a sufficient basis); *see also id.* (noting that Supreme Court's decision in *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971), also "arose on a motion for a preliminary injunction (to halt construction of a highway)" and ruled that the review must "be based on the full administrative record that was before the [agency]").

IV.     **Additional Factors Weigh Against Requiring A More Expedited Schedule.**

To the extent Texas argues for a more expedited schedule based on the IFR soon taking effect, the proximity of the IFR's effective date is a result of Texas's own actions, and should be given no weight. The IFR was published on March 29, 2022, meaning that Texas had more than 60 days after the IFR was published before the effective date. Yet Texas took 55 days to draft and file a motion for preliminary injunction. If Texas wanted its motion considered before the effective date, it should not have waited until the week before the effective date to file. A party cannot "create their own emergency" "by waiting so long to file a motion" and then use that emergency

---

[4] Because Texas relies in part on extra-record evidence in support of its arguments on the merits of its APA claims, Defendants also anticipate moving to strike extra-record evidence, to the extent it is cited for this improper purpose, at the same time Defendants respond to the motion for preliminary injunction.

9

to justify the need for emergency relief. *Johnson v. Secure Ventures LLC*, No. CV-22-00568-PHX-JAT, 2022 WL 1046388, at *1 (D. Ariz. Apr. 7, 2022) (collecting cases).

Texas also cannot claim any harm from a briefing schedule that concludes within a reasonable amount of time after the IFR's effective date. Even after it goes into effect, the agencies will undertake a "phased implementation" that "will allow the Departments to begin employing the proposed process in a controlled manner for a limited number of cases" during the initial phase. 87 Fed. Reg. at 18114. To implement the IFR, the agencies will need to hire additional employees. *Id*. at 18114, 18185. And, "once USCIS meets its staffing requirements, time will be required for the new asylum staff to be trained for their positions, which may occur over several months." *Id.* at 18196. "Given limited agency resources, the Departments anticipate first implementing this new process for only a limited number of noncitizens who receive a positive credible fear determination after the effective date." *Id.* at 18185. "The Departments also anticipate limiting referrals under the initial implementation of this rule to noncitizens apprehended in certain Southwest border sectors or stations, as well as based on the noncitizen's final intended destination." *Id*.; *see also* DHS Fact Sheet. It is likely that only a few hundred individuals will have their asylum application resolved on the merits by USCIS under the IFR's provisions in the months following the IFR's effective date, and only in locations outside of Texas. *Id*.

Considering Texas's delay in filing and the lack of evidence of any prejudice to Texas, Texas cannot justify an expedited schedule, or a schedule that would require the parties to brief the motion and the Court to evaluate it without the benefit of an administrative record or jurisdictional discovery. Nor is there any justification to deny Defendants a reasonable amount of time to respond to Texas's nearly 40-page motion, which raises a range of claims and arguments.

| | |
|---|---|
| Dated: May 27, 2022 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>WILLIAM C. PEACHEY<br>Director<br>Office of Immigration Litigation<br>District Court Section<br><br>EREZ REUVENI<br>Assistant Director<br><br><u>By:/s/ *Brian C. Ward*</u><br>BRIAN C. WARD<br>Senior Litigation Counsel<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel.: (202) 616-9121<br>brian.c.ward@usdoj.gov<br><br>*Counsel for Defendants* |

## CERTIFICATE OF CONFERENCE

I hereby certify that on May 26, 2022, I conferred with counsel for Plaintiff about the proposed schedule for this case.

/s/ *Brian C. Ward*
BRIAN C. WARD
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on May 27, 2022, I electronically filed this document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Brian C. Ward*
BRIAN C. WARD
U.S. Department of Justice