IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-00094-Z |
| | ) | |
| ALEJANDRO MAYORKAS, | ) | |
| in his official capacity as | ) | |
| Secretary of Homeland Security, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants write to advise the Court of a new Supreme Court decision that bears on this case, and the supplemental briefing the Court ordered on May 3, 2022. ECF No. 11. On June 13, 2022, the Supreme Court decided *Garland v. Aleman Gonzalez*, No. 20-322, 2022 WL 2111346 (U.S. June 13, 2022). *Aleman Gonzalez* holds that 8 U.S.C. § 1252(f)(1), which restricts the "authority to enjoin or restrain the operation of" 8 U.S.C. §§ 1221-1232, "generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions." *Aleman Gonzalez*, 2022 WL 2111346 at *4. In so doing, the Court squarely held that § 1252(f)(1) applies where, as here, a plaintiff alleges that "the Government [i]s misinterpreting and misapplying a covered statutory provision." *Id.* at *7. *Aleman Gonzalez* thus forecloses jurisdiction to issue a preliminary injunction in this case.

1

In *Aleman Gonzalez*, the Supreme Court overturned injunctions entered by two district courts that had, as a matter of statutory interpretation, required the government to provide bond hearings for noncitizens detained under 8 U.S.C. § 1231(a)(6). *Aleman Gonzalez*, 2022 WL 2111346 at *4. The Court held that "[t]hose orders 'enjoin or restrain the operation' of § 1231(a)(6) because they require officials to take actions that (in the Government's view) are not required by §1231(a)(6) and to refrain from actions that (again in the Government's view) are allowed by §1231(a)(6)." *Id.* at *5. Because "[t]hose injunctions thus interfere with the Government's efforts to operate §1231(a)(6)" in its chosen manner, they were barred by § 1252(f)(1). *Id*.

In reaching this conclusion, the Supreme Court addressed the argument that § 1252(f)(1)'s bar on enjoining or restraining the operation of the covered statutory provisions should be read such "that 'the operation' of the covered immigration provisions means the operation of those provisions 'as *properly* interpreted,'" and thus limits only those "injunctions that prohibit the Government from doing what the statute allows or commands." *Aleman Gonzalez*, 2022 WL 2111346 at *6. Texas makes the same argument in this case, arguing that it does not "seek to 'enjoin or restrain' the operation of the expedited removal authority, *id*. § 1252(f), but instead, [ ] seeks to ensure the operation of such authority." ECF No. 1, Compl. ¶ 16; *see also* ECF No. 16 at 2-4. The Supreme Court rejected this narrow reading of § 1252(f)(1), stating:

> We do not think that this is the most natural interpretation of the term "operation," since it is very common to refer to the "unlawful" or "improper" operation of whatever it is that is being operated. … If cars, trucks, railroads, water utilities, drainage ditches, auto dealerships, planes, radios, video poker machines, cable TV systems, and many other things can be unlawfully or improperly operated, it is not apparent why the same cannot be said of a statute. Thus, the ordinary meaning of the language of §1252(f)(1) weighs against respondents' interpretation.

*Aleman Gonzalez*, 2022 WL 2111346 at *6 (citations omitted).[1] *Aleman Gonzalez* bars Texas from seeking a preliminary injunction in this case, and thus forecloses any preliminary relief because "prior to final judgment, there is no established declaratory remedy comparable to a preliminary injunction." *Doran v. Salem Inn, Inc.*, 422 U.S. 922, 931 (1975); *see also* Defendants' Supplemental Memorandum on 8 U.S.C. § 1252(f), ECF No. 17 at 13-14.

Here, in addition to seeking to "permanently enjoin" the Interim Final Rule, Texas also asks the Court to "set it aside." ECF No. 1, Compl. Prayer for Relief. *Aleman Gonzalez* involved an injunction, but the Supreme Court's reasoning on § 1252(f)(1) applies equally to vacatur of a rule which is the only way to interpret Texas' request to "set [the rule] aside." *See Virgin Islands Tel. Corp. v. F.CC,* 444 F. 3d 666, 671 (D.C. Cir. 2006) ("'Set aside' usually means 'vacate.'") (citing BLACK'S LAW DICTIONARY 1404 (8th ed. 2004) (defining "set aside" as "to annul or vacate")). Because vacatur prohibits an agency from giving effect to the vacated rule, a court "enjoin[s] or restrain[s] the operation of" the covered statutory provisions when it vacates a rule implementing those provisions. 8 U.S.C. § 1252(f)(1); *Aleman Gonzalez*, 2022 WL 2111346 at *4. And any argument that § 1252(f)(1) is limited to injunctions alone is inconsistent with Congress's use of the broad phrase "enjoin or restrain." *See id*. The Immigration and Nationality Act (INA) and the Administrative Procedure Act (APA) both make clear that the APA's remedial authorities give way to the specific remedial limitations in § 1252(f)(1). The INA makes those limitations applicable "[r]egardless of the nature of the action or claim or of the identity of the [plaintiff]," and it expressly withdraws "jurisdiction" to enter the prohibited remedies. 8 U.S.C. § 1252(f)(1). The APA is not "an independent grant of subject-matter jurisdiction." *Califano v. Sanders*, 430

---

[1] *Aleman Gonzalez* thus overturns the Fifth Circuit's contrary reading of § 1252(f)(1) in *Texas v. Biden*, 20 F.4th 928, 1003-04 (5th Cir. 2021). The Supreme Court will likely issue a decision in *Texas v. Biden* in the coming weeks, and that decision may provide further guidance on § 1252(f)(1).

U.S. 99, 105 (1977). And the APA itself reinforces remedial limitations like those in § 1252(f)(1) by expressly providing that "[n]othing" in the APA right of review "affects other limitations on judicial review" or the "duty of the court to . . . deny relief on any other appropriate legal or equitable ground." 5 U.S.C. § 702(1). Section 1252(f)(1) thus bars district courts from vacating rules that implement the statutory provisions covered by § 1252(f)(1). *See* Defendants' Supplemental Memorandum on 8 U.S.C. § 1252(f), ECF No. 17 at 14-18.

Date:  June 17, 2022  Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Assistant Director*

/s/ Brian C. Ward
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
brian.c.ward@usdoj.gov

JOSEPH DARROW
ELISSA FUDIM
ERIN RYAN
*Trial Attorneys*

SARAH STEVENS WILSON
*Assistant Director*
Office of Immigration Litigation
Appellate Section

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2022, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

>   */s/ Brian C. Ward*
>   BRIAN C. WARD
>   U.S. Department of Justice