IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| Plaintiff, | § § § | |
| v. | § § | 2:22-CV-094-Z |
| ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security, *et al.*, | § § § § § | |
| Defendants. | § | |

**OPINION AND ORDER**

Before the Court is Defendants'[1] Motion to Transfer and Stay Pending Resolution of the Motion ("Motion") (ECF No. 7), filed on April 29, 2022. Having considered the Motion, pleadings, and relevant law, the Court **DENIES** the Motion.

**BACKGROUND**

An alien claiming asylum may do so after having entered the United States illegally. *See* 8 U.S.C. § 1158(a)(1) (stating "[a]ny alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival . . .), irrespective of such alien's status, may apply for asylum"). On March 29, 2022, the United States Department of Justice and the United States Department of Homeland Security published an interim final rule

---

[1] Defendants include Alejandro Mayorkas, in his official capacity as Secretary of the U.S. Department of Homeland Security; the U.S. Department of Homeland Security; Ur Jaddou, in her official capacity as Director of U.S. Citizenship and Immigration Services; Christopher Magnus, in his official capacity as Commissioner of U.S. Customs and Border Protection; the U.S. Customs and Border Protection; Tae Johnson, in his official capacity as Acting Director of U.S. Immigration and Customs Enforcement; Merrick Garland, in his official capacity as U.S. Attorney General; the U.S. Department of Justice; David Neal, in his official capacity as Director of the Executive Office for Immigration Review; the Executive Officer for Immigration Review; Joseph Biden, Jr., in his official capacity as President of the United States; and the United States of America.

("IFR"). *See Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18,078 (Mar. 29, 2022).

The IFR relates to Section 235 of the Immigration and Nationality Act ("INA"). *See generally id.* Under Section 235 — codified at 8 U.S.C. § 1225 — if an alien subject to expedited removal possesses a credible fear of persecution, "the alien shall be detained for further consideration of the application for asylum." 8 U.S.C. § 1225(b)(1)(B)(ii). An alien who fails to persuade an asylum officer of his credible fear of prosecution may seek further-consideration review before an immigration judge. *Id.* § 1225(b)(1)(B)(iii)(III). The "IFR addresses how that further consideration, including of the noncitizen's related claims to statutory withholding of removal and [Convention Against Torture] protection, will occur." 87 Fed. Reg. at 18,080.

The IFR "establishes a new process by which such 'further consideration' may occur, wherein a noncitizen will have their asylum claim adjudicated following an Asylum Merits interview before a [United States Citizenship and Immigration Services] asylum officer in the first instance, rather than by an [immigration judge] in a section 240 removal proceeding." *Id.* at 18,085. The IFR also changes the process by which Defendants will parole aliens who would not be lawfully permitted to enter the United States, or who are otherwise subject to mandatory detention. *See id.* at 18,082 (stating "this rule establishes the regulatory authority for consideration for parole of noncitizens in expedited removal or in expedited removal with pending credible fear determinations").

The State of Texas ("Plaintiff") challenges the IFR. Plaintiff asserts the IFR "violates the Administrative Procedure Act ('APA'), the Homeland Security Act, and the Immigration and Nationality Act ('INA'), and it violates the Appointments Clause in Article II, Section 2, Clause 2 of the United States Constitution." ECF No. 1 at 2. Plaintiff requests the Court: (1) "[s]tay,

2

postpone, or preliminarily enjoin" Defendants' implementation of the IFR; and (2) decree the IFR violates the APA, "hold it unlawful, set it aside, and remand it for further consideration or, in the alternative, permanently enjoin" its implementation. *Id.* at 20–21.

Defendants move to transfer this action to the United States District Court for the District of Columbia. *See generally* ECF No. 7. Defendants argue "[j]udicial review of determinations under [8 U.S.C. § 1225(b)(1)] and its implementation is available in an action instituted in the United States District Court for the District of Columbia" alone. *Id.* at 7 (quoting 8 U.S.C. § 1252(e)(3)(A)) (alterations in original). Defendants claim "[t]his includes review of whether 'any regulation issued to implement' § 1225(b) 'is constitutional,' and of 'whether such a regulation . . . issued by or under the Authority of the Attorney General to implement such section is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.'" *Id.* (quoting 8 U.S.C. § 1252(e)(3)(A)(i)–(ii)). Defendants thus contend Plaintiffs' claims fall within the transfer provision's scope. Accordingly, Defendants argue, "this Court must either transfer this case to the District of Columbia under 28 U.S.C. § 1631, or dismiss it." *Id.* at 8. Defendants also ask the Court to "stay this case in its entirety pending resolution of [transfer]." *Id.*

**LEGAL STANDARD**

Federal courts are courts of limited jurisdiction; they possess only power authorized by the Constitution and federal statutes. *Xitronix Corp. v. KLA-Tencor Corp.*, 916 F.3d 429, 435 (5th Cir. 2019). "The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.* (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998)); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("Article III generally requires a

3

federal court to satisfy itself of its jurisdiction over the subject matter before it considers the merits of a case.").

A federal district court "has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). A "stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." *Landis v. N. Am. Co.*, 299 U.S. 248, 257 (1936).

ANALYSIS

The IFR implements Section 1225(b)(1)(B)(ii). *See* 8 U.S.C. § 1225(b)(1)(B)(ii) ("If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum."); 87 Fed. Reg. at 18,080 ("The IFR addresses how that further consideration, including of the noncitizen's related claims to statutory withholding of removal and [Convention Against Torture] protection, will occur.").

Section 1252(a)(2)(A) largely precludes matters relating to Section 1225(b)(1) from judicial review. But despite Section 1252(a)(2)(A)'s exclusion, Section 1252(a)(2)(A)(iv) permits courts to review some matters as detailed in Section 1252(e). *See* 8 U.S.C. §§ 1252(a)(2)(A), (a)(2)(A)(iv) ("Notwithstanding any other provision of law (statutory or nonstatutory) . . . no court shall have jurisdiction to review . . . except as provided in subsection (e), procedures and policies adopted by the Attorney General to implement the provisions of section 1225(b)(1) of this title.").[2]

---

[2] Sections 1225(b) and 1252(e) refer to the Attorney General. But those functions have been transferred to the Secretary of Homeland Security. *See* 6 U.S.C. § 251 (transferring control over certain programs "from the Commissioner of Immigration and Naturalizations to the Secretary [of Homeland Security]"); 6 U.S.C. § 552(d) ("References to an agency that is transferred to the Department [of Homeland Security] in statutes, executive orders, rules, regulations, directives, or delegations of authority that precede such transfer of the effective date of this chapter shall be deemed to refer, as appropriate, to the Department [of Homeland Security] . . . ."); *Clark v. Martinez*, 543

Section 1252(e)(3) concerns "[c]hallenges on validity of the system." Section 1252(e)(3) provides:

> (A) In general. Judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia, but shall be limited to determinations of—
>
> > (i) whether such section, or any regulation issued to implement such section, is constitutional; or
> >
> > (ii) whether such a regulation, or a written policy directive, written policy guideline, or written procedure issued by or under the authority of the Attorney General to implement such section, is not consistent with applicable provisions of this subchapter or is otherwise in violation of law.

8 U.S.C. § 1252(e)(3)(A)(i)–(ii).

Based on Section 1252(e)(3), Defendants argue the Court lacks jurisdiction and that Plaintiff should have brought this case in the United States District Court for the District of Columbia. *See generally* ECF No. 7. Plaintiff disagrees. It argues Section 1252 applies only to denials of relief for *individual aliens* and does not strip this Court of jurisdiction over *programmatic decisions*. *See generally* ECF No. 14.

The Court evaluates Section 1252 in its proper context.[3] *See Yates v. United States*, 574 U.S. 528, 537 (2015). Section 1252 is titled "Judicial review of orders of removal." That title "indicates the section applies to individual aliens (who are subject to orders of removal) rather than programmatic decisions." *Texas v. Biden* ("*Texas MPP*"), 20 F.4th 928, 977 n.11 (5th Cir. 2021),

---

U.S. 371, 374 n.1 (2005) (recognizing authorities at issue in the case "as having been exercised by the Attorney General and the Immigration and Naturalization Service (INS) now reside in the Secretary of Homeland Security . . . and divisions of his Department . . . ."). And as Defendants note, "the IFR . . . was jointly issued by DOJ and DHS under the authority of both the Attorney General and the Secretary of Homeland Security." ECF No. 7 at 13.

[3] *See* James C. Phillips, *The Overlooked Evidence in the Title VII Cases: The Linguistic (and Therefore Textualist) Principle of Compositionality* 1–2 (May 11, 2020) (unpublished manuscript) ("Compositionality is the notion that the meaning of a complex expression is a compositional function of the meaning of its semantic parts. Sometimes what you see is what you get: *apple pie* is a pie made from apples. But sometimes the combination of words has a meaning of its own that is not a reliable amalgamation of the components at all, such as *for good* or *at all*." (emphasis added) (internal marks omitted)).

*rev'd on other grounds*, ___ S. Ct. ___, ___ (2022);[4] *see also Porter v. Nussle*, 534 U.S. 516, 527–28 (2002) ("[T]he title of a statute and the heading of a section are tools available for the resolution of doubt about the meaning of a statute."); *House v. Commissioner*, 453 F.2d 982, 988 (5th Cir. 1972) (noting "meaning should be given to the section heading of a statute"). And Section 1252 is broken into several additional sections, each addressing removal orders. Section 1252(a) addresses removal orders generally, identifies particular types of removal orders not subject to judicial or discretionary review, and makes Section 1252 the sole means to review such orders. Section 1252(b) discusses requirements a petitioner must meet to invoke a court's jurisdiction to review a removal order. Section 1252(c) lists two requirements a petition for review must satisfy. Section 1252(d) limits when a court may review a final order. Section 1252(e) — titled "Judicial review of orders under section 1225(b)(1)" — is the only section Defendants address (and will be discussed later). Section 1252(f) prohibits courts from awarding injunctive relief except to "an individual alien against whom proceedings . . . have been initiated." And Section 1252(g) is a catch-all provision denying courts jurisdiction to hear cases "by or on behalf of any alien arising from the decision . . . to commence proceedings, adjudicate cases, or execute removal orders."

In the same way, the provisions of Section 1252(a)(2)(A) — which refers back to Section 1252(e) — appear to apply to individual-removal decisions rather than broad, programmatic decisions. "Section 1252(a)(2)(A) repeatedly refers to an 'individual

---

[4] In *Texas MPP*, the Fifth Circuit considered a jurisdiction-stripping provision of Section 1252 as applied to Section 1225(b)(2). When doing so, the Fifth Circuit concluded "[t]he entirety of the text and structure of Section 1252 indicates that it operates only on denials of relief for individual aliens." *Texas MPP*, 20 F.4th at 977. A contrary holding "would bury an awfully large elephant in a really small mousehole." *Id.* Although the Fifth Circuit did not consider Section 1252(e) in *Texas MPP*, Section 1252(e) fits within the *Texas MPP* decision. On appeal, the United States Supreme Court did not question the Fifth Circuit's contention that "[t]he entirety of the text and structure of Section 1252 indicates that it operates only on denials of relief for individual aliens." *Texas MPP*, 20 F.4th at 977. Instead, after acknowledging "the District Court clearly had federal question jurisdiction over respondent's [28 U.S.C. § 1225(b)(2)] suit," the Supreme Court asked whether Section 1252(f)(1) stripped the district court of subject-matter jurisdiction over a Section 1225(b)(2) claim. *Biden v. Texas*, ___ S. Ct. ___, ___ (2022). The Supreme Court determined it did not. *Id.* at ___.

determination,' § 1252(a)(2)(A)(i), 'individual aliens,' § 1252(a)(2)(A)(iii), and to the provisions of § 1225(b)(1) that apply to inspection and asylum for individual aliens." *Texas MPP*, 20 F.4th at 977 n.11. And as the Fifth Circuit has noted, other subsections repeatedly reference individual proceedings. *See id.* (discussing Sections 1252(a)(2)(C) and 1252(a)(2)(D)). Therefore, all sections surrounding Section 1252(a)(2)(A)(iv) — "and hence the structure of the statute" — imply "it applies to removal decisions affecting individual aliens and not broad programmatic decisions made by the Secretary of DHS." *Id.*

The text of Section 1252(e) — titled "Judicial review of orders under section 1225(b)(1)" — also indicates it applies only to individual determinations. *See United States v. Lauderdale County*, 914 F.3d 960, 965 (5th Cir. 2019) (explaining "section headings . . . can be used as evidence when interpreting the operative text of the statute"). Section 1252(e)(1) prohibits a court from awarding equitable relief "in any action pertaining to an order to exclude an alien" (except as otherwise authorized by Section 1252) and governs class certification. Section 1252(e)(2) permits aliens to challenge removal orders through petitions for habeas corpus in certain circumstances. Section 1252(e)(3) — titled "Challenges on validity of the system" — is the only provision Defendants address. That provision does not use individual determination-focused language. Section 1252(e)(4) limits the remedies a court may order if it makes one of two specific findings in a removal proceeding. And Section 1252(e)(5) limits the scope of a court's inquiry "to whether [a removal] order in fact was issued and whether it relates to petitioner," stating "[t]here shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(4); *cf. Make the Road N.Y. v. Wolf*, 962 F.3d 612, 643 (Rao, J., dissenting) (interpreting Section 1252(e) to apply to "limited review only of individual determinations").

Although Section 1252(e)(3) itself does not include language specific to individual-removal proceedings, all other sections — 1252(e)(1), 1252(e)(2), 1252(e)(4), and 1252(e)(5) — do. *See generally id.* § 1252. To read Section 1252(e)(3) as stripping all but the District for the District Columbia of jurisdiction to hear an APA challenge does not comport with the text of Section 1252, taken as a whole and provided proper context. The text Defendants invoke — "[j]udicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia" — is surrounded by language affecting only individual aliens. *Id.* § 1252(e)(3); *see also Texas MPP*, 20 F.4th at 977 n.11.[5]

**CONCLUSION**

The Court has an obligation to construe a statute "as a symmetrical and coherent regulatory scheme" that "fit[s], if possible, all parts into [a] harmonious whole." *FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 133 (2000) (internal marks omitted). "[U]nder the statutory canon *ejusdem generis*, 'when a statute sets out a series of specific items ending with a general term, that general term is confined to covering subjects comparable to the specifics it follows.'" *Murphy v.*

---

[5] Defendants cite several cases in support of the proposition that Section 1252(e)(3) requires challenges to Section 1225(b)(1)'s implementation to be brought in the District Court for the District of Columbia. Many of these cases involve individual aliens facing removal or an association suing on an alien's behalf. *See, e.g., Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 424–25 (3d Cir. 2016) (involving individuals who sought to "prevent, or at least postpone, their expedited removal from this country"); *Brumme v. I.N.S.*, 275 F.3d 443, 445 (5th Cir. 2001) (involving individual who "was subjected to . . . expedited removal upon her attempted reentry"); *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1080 (9th Cir. 2011) (filing collateral attack against "an expedited removal order"); *Khan v. Holder*, 608 F.3d 325, 326 (7th Cir. 2010) (stating individuals "were placed in expedited removal proceedings and ordered to return immediately to Pakistan"); *S.L.V. v. Rosen*, No. 5:21-CV-0017, 2021 WL 243442, at *1 (W.D. Tex. Jan. 25, 2021); *Rodrigues v. U.S. Dep't of Homeland Sec.*, No. 3:20-CV-0139, 2020 WL 777278, at *1 (N.D. Tex. Feb. 18, 2020); *Reyes v. Nielsen*, No. 4:18-CV-3971, 2020 WL 1442349, at *1 (S.D. Tex. Feb. 6, 2020); *Shah v. Director*, No. 3:19-CV-1164, 2019 WL 4254139, at *1 (W.D. La. Sept. 6, 2019). And in many of these cases, Section 1252(e)(3) arguments were irrelevant because the suits were filed in the District Court for the District of Columbia. *See, e.g., M.M.V. v. Garland*, 1 F.4th 1100, 1106, (D.C. Cir. 2021); *Grace v. Barr*, 965 F.3d 883, 890 (D.C. Cir. 2020); *Kiakombua v. Wolf*, 498 F. Supp. 3d 1, 16–17 (D.D.C. 2020); *Las Ams. Immig. Advoc. Ctr. v. Wolf*, 507 F. Supp. 3d 1, 14 (D.D.C. 2020); *L.M.-M. v. Cuccinelli*, 442 F. Supp. 3d 1, 12–14 (D.D.C. 2020); *Vijender v. Wolf*, No. 19-CV-3337, 2020 WL 1935556, at *1 (D.D.C. Apr. 22, 2020); *Dugdale v. U.S. Customers & Border Prot.*, 88 F. Supp. 3d 1, 2 (D.D.C. 2015); *Am. Immig. Lawyers Ass'n v. Reno*, 199 F.3d 1352 (D.C. Cir. 2000).

*Verizon Commc'ns, Inc.*, 587 F. App'x 140, 144 (5th Cir. 2014) (quoting *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008)).

Almost all the specific terms listed in Section 1252 refer to removal, removal orders, or removal proceedings. Accordingly, the Court reads Section 1252(e)(3) to "apply only to persons or things of the same general kind or class specifically mentioned (*ejusdem generis*)." ANTONIN SCALIA & BRYAN A. GARNER, READING LAW: THE INTERPRETATION OF LEGAL TEXTS 199 (2012); *cf. Texas MPP*, 20 F.4th at 977 n.11 (applying *ejusdem generis* in holding that Section 1252 "operates only on denials of relief for individual aliens").

Based on the foregoing, the Court **DENIES** the Motion.

July 8, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE