**United States District Court**
**Northern District of Texas**
**Amarillo Division**

| | |
|---|---|
| STATE OF TEXAS,<br>　　*Plaintiff,*<br>v.<br><br>ALEJANDRO MAYORKAS, in his official<br>　capacity as Secretary of Homeland<br>　Security, *et al.*,<br>　　*Defendants.* | Case 2:22-cv-00094 |

### Joint Status Report on Additional Briefing and Proceedings

As the Court directed in its July 21 order, ECF No. 70, the parties submit their proposals for additional proceedings and briefing.

The parties have conferred extensively about the discovery sought in this case and the best means of resolving their claims and defenses. Following those discussions, Texas withdrew its preliminary-injunction motion and the parties agreed to delay their noticed depositions and outstanding discovery obligations so discovery could be consolidated within a single period as part of a more comprehensive schedule. The parties agree that jurisdictional discovery should be completed in one discovery period that will conclude on September 23, 2022. This will allow the parties a reasonable amount of time to complete discovery while still moving this case forward quickly.

Beyond this agreed proposal for completing discovery, the parties otherwise disagree on how the case should proceed following the end of discovery. The following are the parties' separate proposals for the remainder of the case.

**A. Defendants' position.**

Defendants anticipate raising a factual attack on Texas's standing to bring its claims and that this attack will require jurisdictional discovery. "[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978); *see In re MPF Holdings US LLC*, 701 F.3d 449, 457 (5th Cir. 2012) (noting "some jurisdictional discovery may be warranted if the issue of subject matter jurisdiction turns on a disputed fact"). In the context of threshold challenges to jurisdiction under Rule 12(b)(1), "courts have permitted jurisdictional discovery to determine whether the court has subject matter jurisdiction." *Hunter v. Branch Banking & Tr. Co.*, No. 3:12-CV-2437-D, 2012 WL 5845426, at *1 (N.D. Tex. Nov. 19, 2012); *see, e.g., Food & Water Watch v. Trump*, 357 F. Supp. 3d 1, 3 (D.D.C. 2018) (holding that limited jurisdictional discovery for purposes of deciding a Rule 12(b)(1) motion to dismiss was appropriate).

A factual attack on standing is properly brought in a motion to dismiss under Rule 12(b), and must be resolved before evaluating the merits of the claims. *See, e.g.*, *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001); *Lewis v. Knutson*, 699 F.2d 230, 237 (5th Cir. 1983) (noting case "must survive both facial and factual attacks before the district court can address the merits of the claim"); *In re Roberts*, 556 B.R. 226, 273 (Bankr. S.D. Miss 2016) ("The Court of Appeals for the Fifth Circuit has held that before turning to the merits of a case, a court must first address a challenge to its subject matter jurisdiction."). A federal court generally may not reach the merits of a case without first determining that it has jurisdiction over the cause and the parties. *See Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 100-01 (1998); *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431,

(2007) (holding that courts "may not assume jurisdiction for the purpose of deciding the merits of the case").

Defendants thus request that the Court continue to stay Defendants' deadline to answer or otherwise respond to the complaint through the completion of jurisdictional discovery, and to set a deadline for Defendants to respond to the complaint after discovery closes to allow Defendants to obtain transcripts from any depositions, to review all discovery obtained, and to have a reasonable amount of time to draft the motion to dismiss following the close of discovery. Defendants thus propose the following schedule:

- Parties complete all jurisdictional discovery by September 23, 2022;

- Defendants answer or otherwise respond to the complaint by October 14, 2022.

Defendants suggest that the Court issue a schedule for the remainder of the case after ruling on Defendants' motion to dismiss, to the extent any claims remain at that point. Even if the Court does not dismiss this case in its entirety, Defendants' anticipated factual and legal challenges under Rule 12 to Texas' ability to pursue its claims could substantially narrow the claims in the case. The Court's ruling on the motion to dismiss will thus affect the scope and timing of this case, and also effect the time the parties will require to provide any further briefing that may be necessary.

The Court's ruling on standing and jurisdiction based on a motion to dismiss raising a factual attack will resolve those issues and allow the parties' later briefs to focus on the merits of whatever claims remain. Contrary to Texas' assertion below, proceeding in the normal course by considering a motion under Rule 12 before proceeding to briefing on the merits would not involve repeated rounds of briefing on the same issues, or presentation of the

same evidence. There is no overlap between the factual issues the Court will consider in determining whether it has subject matter jurisdiction and the determinations the Court would make on the merits, meaning those issues will be resolved in a ruling on a motion to dismiss, streamlining the case if it moves past that stage. In contrast, Texas' proposal to consolidate all briefing and proceed directly to trial would require the parties to brief the merits of claims that may be dismissed, which would be a less efficient use of the Court's and the parties' time.[1]

Any claims that survive a motion to dismiss in this case can be resolved on cross motions for summary judgment. Texas' complaint raises "five reasons" why the "Interim Rule should be held unlawful and set aside," all of which are based on the Administrative Procedure Act (APA). Compl. ¶¶ 61–62. In APA cases, the Court reviews the administrative record to determine whether an agency has complied with the APA. *See, e.g.*, *Medina Cty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010). "In reviewing administrative agency decisions, the function of the district court is to determine whether as a matter of law, evidence in the administrative record permitted the agency to make the decision it did." *Texas Comm. on Nat. Res. v. Van Winkle*, 197 F. Supp. 2d 586, 595 (N.D. Tex. 2002). "Nor are courts permitted to consider evidence outside the administrative record." *Louisiana ex rel. Guste v. Verity*, 853 F.2d 322, 327 (5th Cir. 1988). A trial or evidentiary hearing is thus not necessary or appropriate in an APA case. Moreover, Texas

---

[1] This proposal is similar to how the other case challenging the same rule is proceeding in the District Court for the Western District of Louisiana. *See* Scheduling Order, *Arizona v. Garland*, No. 6:22-cv-1130 (W.D. La. July 21, 2022) (ordering the parties to confer on a timeline for jurisdictional discovery related to potential motions under Rule 12 and staying Defendants' deadline to respond to the complaint in the interim).

has withdrawn its motion for preliminary injunction, and this Court has already held that the rule at issue in this case "implements Section 1225(b)(1)(B)(ii)," ECF No. 68 at 4, which is one of the sections covered by the bar to injunctive relief in Section 1252(f)(1), *see Biden v. Texas*, 142 S. Ct. 2528, 2538 (2022). There is thus no basis to proceed to a trial on the merits under Rule 65(a)(2), as may be appropriate in a case where injunctive relief is sought and permitted, nor is there any need for the Court to consider evidence related to the balance of harms, as may be necessary when resolving a request for an injunction.[2]

Accordingly, to the extent this case is not dismissed under Rule 12, it can be resolved based on cross motions for summary judgment. Because the

---

[2]     The absence of a preliminary injunction motion or any possibility of injunctive relief distinguishes this case from cases where there is a preliminary injunction motion and Rule 65(a)(2) may apply. *See* Fed. R. Civ. P. 65(a)(2) (permitting courts to "advance the trial on the merits" when "consolidating" it with a "hearing on a motion for a preliminary injunction"). In such cases it sometimes makes sense to proceed directly to trial and consolidate a preliminary hearing with a ruling on the merits if there is substantial overlap between the determinations that must be made at the preliminary stage and those necessary for a ruling on the merits and a permanent injunction. In *Texas v. United States*, No. 6:21-cv-16 (S.D. Tex.), which Texas cites below, there was a pending motion for preliminary injunction, permitting Judge Tipton to proceed directly to trial. *See* ECF No. 111. Here there is no preliminary injunction motion. *See, e.g.*, Order, ECF No. 48, *Texas v. Biden*, No. 3:22-cv-780 (N.D. Tex. June 27, 2022) (Lynn, C.J.) (in case with no preliminary injunction motion, staying answer deadline to allow the parties time to evaluate the need for jurisdictional discovery, and anticipating the parties will brief Rule 12(b) motions once discovery is resolved).

To the extent Texas argues that it may seek an injunction from the Supreme Court down the line, it is up to the Supreme Court to determine whether any additional factual determinations are necessary to such a hypothetical ruling, and if so, the proper avenue for making those findings. Texas cites no basis for a district court to make factual findings with respect to remedies a district court lacks jurisdiction to grant.

Court's ruling on a motion under Rule 12 will affect the timing and scope of those motions for the reasons noted above, Defendants respectfully suggest that the Court set a deadline 7 days after it rules on the motion to dismiss for the parties to confer and submit proposals for the timing of briefing and a hearing on cross motions for summary judgment.

### B. Texas's position.

Texas believes that the case will be more efficiently resolved if the period of discovery is followed not by multiple rounds of briefing, but by a single bench trial at which the Court could resolve in one fell swoop every issue raised by the parties. Texas proposes that a bench trial in early November would give the parties adequate time to conduct necessary discovery and prepare their presentations, both factual and legal, for the Court.

As the Defendants acknowledge, they anticipate attacking Texas's standing on the facts. But the discovery they have sought, so far as Texas can tell, covers the same topics in the same depth as would merits discovery. *See* Exh. A (req. for prod. & interrogs.), Exh. B (not. of depo.). Rather than follow such extensive discovery with at least one round of briefing potentially leading to two additional rounds of briefing and a trial on the merits, all of which will involve overlapping presentations and re-presentations of the same evidence, Texas believes is more efficient for the Court to consider those facts a single time in a single proceeding, after which it could render a single decision.

This would parallel the procedure that Judge Tipton employed in a case in the Southern District of Texas that involved most of these parties and a similar type of attack on a similar type of rule. *Texas v. United States*, No. 6:21-cv-16 (S.D. Tex.). In that case, Texas and Louisiana challenged the Department of Homeland Security's adoption of standards by which field agents were to

prioritize aliens for detention and removal proceedings. Rather than decide Texas's motion to postpone the effective date of that guidance, to be followed by cross-motions for summary judgment and then a potential trial, Judge Tipton consolidated the preliminary and merits proceedings into a single bench trial that was held roughly four months after the States filed their amended complaint and motion to postpone. *See id.* ECF Nos. 109–110 (complaint and motion filed October 22, 2021); minutes for Feb. 23–24, 2022 (bench trial). And while that case did not involve a motion to dismiss, it did involve the elimination of what would have been duplicative rounds of briefing the same evidence in favor of a single proceeding at which every issue, including standing, could be decided. *See id.* ECF No. 240 at 21–25 (findings of fact related to standing), 25–29 (conclusions of law on standing).

And not only would eliminating at least one round of briefing be more efficient, it would comport with the Fifth Circuit's directions on how to proceed "where issues of fact are central both to subject matter jurisdiction and the claim on the merits[.]" *Montez v. Dept. of the Navy*, 392 F.3d 147, 150 (5th Cir. 2004). This is just such a case: given the thrust of their discovery, *see* Exh. A & B, it appears that the Defendants' standing argument will be based on a lack of harm to Texas. The existence and scope of harm to Texas is one of the issues on which the Court will have to make a merits finding. *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (injunction factors). In that instance, "the trial court *must* assume jurisdiction and proceed to the merits." *Montez*, 392 F.3d at 150. "[N]o purpose is served by indirectly arguing the merits in the context of federal jurisdiction. Judicial economy is best promoted when the existence of a federal right is directly reached and, where no claim is found to exist, the case is dismissed on the merits." *Williamson v. Tucker*, 645 F.2d 404, 415 (5th Cir. 1981).

It does not matter that there is no pending motion for preliminary injunction. Texas still requests a permanent injunction, *see* ECF No. 1 at 20–21, and while the Court might not be able to grant one, *see* 8 U.S.C. § 1251(f), it can make the findings of fact that would entitle the Supreme Court to do so, *see id.* This is in fact the *only* court that can find the necessary facts—the Supreme Court has only appellate, not original, jurisdiction over this case. 28 U.S.C. §§ 1251, 1254; U.S. Const. art. III, § 2.

## Conclusion

The parties respectfully request that the Court enter a scheduling order governing its further consideration of this case.

Dated July 25, 2022.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

AARON F. REITZ
*Lead Counsel*
Deputy Attorney General
 for Legal Strategy
Texas Bar No. 24105704
aaron.reitz@oag.texas.gov

*/s/ Leif A. Olson*
LEIF A. OLSON
Special Counsel
Texas Bar No. 24032801
leif.olson@oag.texas.gov

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant
 Attorney General

WILLIAM C. PEACHEY
Director
Office of Immigration Litigation
District Court Section

EREZ REUVENI
Assistant Director

*/s/ Brian C. Ward*
BRIAN C. WARD
Senior Litigation Counsel
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
brian.c.ward@usdoj.gov

GENE P. HAMILTON
America First Legal Foundation      *Counsel for Defendants*
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

*Counsel for the State of Texas*

### **Certificate of Service**

    I certify that on July 25, 2022, I filed this document through the Court's EM/ECF system, which serves it upon all counsel of record.

*/s/ Leif A. Olson*

9