**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | |
|---|---|
| STATE OF TEXAS,<br><br>*Plaintiffs,*<br><br>v.<br><br>ALEJANDRO MAYORKAS,<br>in his official capacity as Secretary<br>of Homeland Security, et al.<br>*Defendants.* | Civil Action No. 2:22-cv-94 |

**DEFENDANTS' FIRST SET OF REQUESTS FOR PRODUCTION,
INTERROGATORIES, AND REQUESTS FOR ADMISSION TO
PLAINTIFF TEXAS REGARDING STANDING**

Pursuant to Federal Rule of Civil Procedure 33, 34, 36, Defendants Alejandro Mayorkas, et al., hereby serve the following Requests for Production, Interrogatories, and Requests for Admission upon all Plaintiff the State of Texas. Plaintiff shall respond fully, in writing and under oath, in accordance with the Federal Rules of Civil Procedure.

## DEFINITIONS

1. "Applicant for Admission" means a noncitizen who is either an "arriving alien," as defined in 8 C.F.R. § 1.2, or has entered the United States, whether or not through a designated port of entry, and was placed in removal proceedings and claimed a fear of return to their country of origin. 8 U.S.C. § 1225(a)(1).

2. "Undocumented Immigrant" means a noncitizen who is not an Applicant for Admission and is present in the United States without lawful status.

3. "Asylum IFR" refers to the Interim Final Rule, the federal government published on March 29, 2022, at 87 Fed. Reg. 18,163 (Mar. 29, 2022).

4. "Document" means any record of information, including writings, data, correspondence, photographs, video and audio recordings, and images. It specifically includes all communications and electronically stored information, including text messages and emails.

5. "Southwest border" means the international border between the United States and Mexico.

6. "You" means any Plaintiff State, including all its agencies, subdivisions, and officers acting in official capacity.

7. "Noncitizen" means any person who is not a citizen of the United States.

8. "Asylee" means any person who has been granted asylum in the United States.

9. The time period for these demands pertain to the period of January 1, 2019 to the present, unless stated otherwise.

## INSTRUCTIONS

1. Each interrogatory should be answered in full, in writing, and signed by the person answering, and any objections signed by the attorney making them.

2. If you object to any Interrogatory or to a part of an Interrogatory, clearly state the basis for the objection. If you object to only part of any Interrogatory, answer the remainder of the Interrogatory. If an objection is based on a claim of privilege or other protection, clearly state the particular privilege or protection invoked.

3. If you object to any Interrogatory or Request for Production, you must state whether you are withholding documents on the basis of that/those objection(s). FRCP 34(b)(2)(C).

4. For each Request for Production for which you are providing responsive documents, provide the Bates numbers of those documents which are responsive.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your allegation in your motion for a preliminary injunction, ECF No. 21 at pg. 35, that "Should the Interim Final Rule go into effect, the number of illegal aliens in Texas, and thus Texas's spending related to illegal aliens, will continue to climb."

**REQUEST FOR PRODUCTION NO. 2:** Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your allegation that the Asylum IFR will result more in non-meritorious asylum claims being granted.

**REQUEST FOR PRODUCTION NO. 3:** Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your allegation "Texas spends more than a million dollars per year on the Texas Family Violence Program for services to illegal aliens,"

3

as you allege in the Complaint, ECF No. 1, ¶ 54.

**REQUEST FOR PRODUCTION NO. 4:** Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your allegation that "Texas spends tens of millions of dollars each year on CHIP expenditures for illegal aliens," as you allege in the Complaint, ECF No. 1, ¶ 55.

**REQUEST FOR PRODUCTION NO. 5:** Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your allegation that "Texas spends hundreds of millions of dollars each year for uncompensated care provided by state public hospital districts to illegal aliens," as you allege in the Complaint, ECF No. 1, ¶ 56.

**REQUEST FOR PRODUCTION NO. 6:** Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your allegation that "Texas spends tens of millions of dollars each year for increased law enforcement, and its citizens suffer increased crime, unemployment, environmental harm, and social disorder, due to illegal immigration," as you allege in the Complaint, ECF No. 1, ¶ 57.

**REQUEST FOR PRODUCTION NO. 7:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Asylees who have established residence in Texas.

**REQUEST FOR PRODUCTION NO. 8:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings who have established residence in Texas.

**REQUEST FOR PRODUCTION NO. 9:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Undocumented Immigrants who

have established residence in Texas.

**REQUEST FOR PRODUCTION NO. 10:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of individuals incarcerated or otherwise detained in prisons and jails operated or overseen by Texas or its agencies.

**REQUEST FOR PRODUCTION NO. 11:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings incarcerated or otherwise detained in prisons and jails operated or overseen by the Texas or its agencies.

**REQUEST FOR PRODUCTION NO. 12:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Undocumented Immigrants incarcerated or otherwise detained in prisons and jails operated or overseen by Texas or its agencies.

**REQUEST FOR PRODUCTION NO. 13:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of asylees incarcerated or otherwise detained in prisons and jails operated or overseen by Texas or its agencies.

**REQUEST FOR PRODUCTION NO. 14:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the amount and type of funding or financial assistance the federal government or local governments contribute to Texas for the purposes of assisting in or supporting prisons and jails in the State.

**REQUEST FOR PRODUCTION NO. 15:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission paroled by the federal government at the Southwest border pending their applications for asylum or their

removal proceedings who have been convicted of crimes in Texas.

**REQUEST FOR PRODUCTION NO. 16:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Undocumented Immigrants paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings who have been convicted of crimes in Texas.

**REQUEST FOR PRODUCTION NO. 17:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Asylees paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings who have been convicted of crimes in Texas.

**REQUEST FOR PRODUCTION NO. 18:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings who seek, receive, and/or require emergency health care services that are funded by Texas.

**REQUEST FOR PRODUCTION NO. 19:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Undocumented Immigrants who seek, receive, and/or require emergency health care services that are funded by Texas.

**REQUEST FOR PRODUCTION NO. 20:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of asylees who seek, receive, and/or require emergency health care services that are funded by Texas.

**REQUEST FOR PRODUCTION NO. 21:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the amount and type of funding or financial assistance you receive from the federal government, local governments, and/or other sources of

funding for the purposes of providing health care services to noncitizens.

**REQUEST FOR PRODUCTION NO. 22:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of minor Asylees enrolled in public school in Texas.

**REQUEST FOR PRODUCTION NO. 23:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings who are enrolled in public schools in Texas.

**REQUEST FOR PRODUCTION NO. 24:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Undocumented Immigrant children enrolled in public schools in Texas.

**REQUEST FOR PRODUCTION NO. 25:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the average cost per child per year of providing a public education.

**REQUEST FOR PRODUCTION NO. 26:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the amount and type of funding or financial assistance you receive from the federal government, local governments, and/or other sources of funding for the purposes of assisting in or supporting public education.

**REQUEST FOR PRODUCTION NO. 27:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the yearly income, sales, and property tax revenue collected by you from Applicants for Admission paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings.

**REQUEST FOR PRODUCTION NO. 28:** Provide all documents, including but not limited to,

writings, data, and correspondence that establish the yearly income, sales, and property tax revenue collected by Texas from Asylees.

**REQUEST FOR PRODUCTION NO. 29:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the economic impact to Texas and Texas businesses of labor shortages.

**REQUEST FOR PRODUCTION NO. 30:** Provide all documents, including but not limited to, writings, data, and correspondence that support your contention that illegal immigrants cause "social disorder" in Texas, as alleged in the Complaint, ECF No. 1, ¶ 57.

**REQUEST FOR PRODUCTION NO. 31:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission who applied for asylum living in Los Angeles, Miami, Newark, Boston, New York, and San Francisco that have moved to Texas, broken down by departure city and year.

**REQUEST FOR PRODUCTION NO. 32:** Provide all documents, including but not limited to, writings, data, and correspondence that establish the number of Applicants for Admission applying for asylum in Los Angeles, Miami, Newark, Boston, New York, and San Francisco who are likely to move to Texas in the next year, broken down by departure city.

**REQUEST FOR PRODUCTION NO. 33:** Provide all documents, including but not limited to, writings, data, and correspondence that show the number of Applicants for Admission, Aslyees, and Undocumented Immigrants who reside in Texas and have moved out of the state, each year.

**REQUEST FOR PRODUCTION NO. 34:** Provide all documents, including but not limited to, writings, data, and correspondence that you contend support your allegation that the Asylum IFR will incentivize noncitizens to file non-meritorious asylum claims, as you allege in the Complaint, ECF No. 1, ¶ 73.

**REQUEST FOR PRODUCTION 35**: All documents, including but not limited to, writings, data, and correspondence, consulted or relied upon in responding to Defendants' interrogatories and requests for admission.

## INTERROGATORIES

**INTERROGATORY NO. 1:** How many noncitizens have been granted asylum and established residence in Texas, by year, for years 2019-2022?

**INTERROGATORY NO. 2:** Describe your means of tracking the data requested in Interrogatory No. 1.

**INTERROGATORY NO. 3:** State, for the years, 2015-2022, the number of Applicants for Admission who were granted asylum while living in each of the following cities, who subsequently moved to Texas:

   a. Miami

   b. San Francisco

   c. New York

   d. Los Angeles

   e. Boston

   f. Newark

**INTERROGATORY NO. 4:** Describe your means of tracking the data requested in Interrogatory No. 3.

**INTERROGATORY NO. 5:** Define "illegal immigration" with respect to your claim that "Texas spends tens of millions of dollars each year for increased law enforcement, and its citizens suffer increased crime, unemployment, environmental harm, and social disorder, due to illegal immigration," as you allege in the Complaint, ECF No. 1, ¶ 57—specifically stating whether illegal

9

immigration includes only Undocumented Immigrants or also includes Applicants for Admission, or Asylees who you content should not have been granted asylum.

**INTERROGATORY NO. 6**: How many Applicants for Admission paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings have established residence in Texas, by year, for years 2019-2022?

**INTERROGATORY NO. 7:** Describe your means of tracking the data requested in Interrogatory No. 6.

**INTERROGATORY NO. 8:** Do you contend that prior to the effective date of the Asylum IFR noncitizens were incentivized to enter the United States based on their perception that the United States has lax immigration enforcement policies?

**INTERROGATORY NO. 9:** Do you contend that noncitizens perceive USCIS to be more likely to grant asylum than Immigration Judges?

**INTERROGATORY NO. 10:** Do you contend that the Asylum IFR will increase the number of non-meritorious asylum claims that are filed or that are granted?

**INTERROGATORY NO. 11:** Do you contend that the Asylum IFR will cause the approval rate of non-meritorious asylum claims to increase?

**INTERROGATORY NO. 12:** Do you content that the Asylum IFR will incentivize noncitizens to cross the border between points of entry?

**INTERROGATORY NO. 13:** Identify all of the regulatory changes made through the Asylum IFR that you contend will incentivize immigrants who are not already motivated to come to the United States based on their perception of U.S. immigration policy, to now come to the United States.

**INTERROGATORY NO. 13:** State all grounds for your response to Interrogatories 8-12

including reference to any evidence supporting your contentions.

**INTERROGATORY NO. 14**: For any Request for Admission that you deny, please explain the basis for your denial and identify any evidence supporting your denial.

**INTERROGATORY NO. 15:** Describe your injury with respect to claim for relief A in your complaint.

**INTERROGATORY NO. 16:** Describe your injury with respect to claim for relief B in your complaint.

**INTERROGATORY NO. 17:** Describe your injury with respect to claim for relief C in your complaint.

**INTERROGATORY NO. 18:** Describe your injury with respect to claim for relief D in your complaint..

**INTERROGATORY NO. 19:** Describe your injury with respect to claim for relief E in your complaint.

**INTERROGATORY NO. 20**: Explain how you will determine whether the Asylum IFR is the but-for cause of any expenditures by Texas for Applicants for Admission paroled by the federal government at the Southwest border pending their applications for asylum or their removal proceedings following the effective date of the Rule.

**INTERROGATORY N0. 21**: Explain how you will determine whether the Asylum IFR is the but-for cause of any expenditures for Asylees following the effective date of the Rule.

**INTERROGATORY NO. 22**: Do you contend that individuals paroled under the IFR to seek asylum in Los Angeles, Miami, Newark, Boston, New York, or San Francisco will settle in Texas?

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:** Prior to the effective date of the Asylum IFR you provided public benefits to individuals granted asylum by U.S. Citizenship and Immigration Services.

**REQUEST FOR ADMISSION NO. 2:** Prior to the effective date of the Asylum IFR you provided public benefits to individuals granted asylum by an Immigration Judge.

**REQUEST FOR ADMISSION NO. 3:** Prior to the effective date of the Asylum IFR, the federal government paroled Applicants for Admission at the Southwest border pending their applications for asylum or their removal proceedings.

**REQUEST FOR ADMISSION NO. 4:** Asylum grant rates fluctuate over time based on priorities and guidance issued by the Attorneys General.

**REQUEST FOR ADMISSION NO. 5:** Asylum grant rates fluctuate over time based on changes in Board of Immigration Appeals precedent.

**REQUEST FOR ADMISSION NO. 6:** Asylum grant rates fluctuate over time based judicial decisions.

**REQUEST FOR ADMISSION NO. 7:** Asylum grant rates fluctuate over time based on socio economic conditions in countries from which immigrants depart.

**REQUEST FOR ADMISSION NO. 8:** Asylees who meet Texas state income requirements are eligible for Medicare.

**REQUEST FOR ADMISSION NO. 9:** Asylees that do not qualify for Medicare under the rules of the State of Texas are eligible for Refugee Medical Assistance (RMA) for a period of eight months.

**REQUEST FOR ADMISSION NO. 10:** The shorter the time noncitizens expect to remain in the

United States while their asylum claims are pending, the less likely noncitizens are to file non-meritorious asylum claims.

| | |
|---|---|
| Date:  June 10, 2022 | Respectfully submitted,<br><br>BRIAN M. BOYNTON<br>*Principal Deputy Assistant Attorney General*<br><br>WILLIAM C. PEACHEY<br>*Director*<br>Office of Immigration Litigation<br>District Court Section<br><br>EREZ REUVENI<br>*Assistant Director*<br><br>JOSEPH DARROW<br>ELISSA FUDIM<br>ERIN RYAN<br>*Trial Attorneys*<br><br>/s/ *Brian C. Ward*<br>BRIAN C. WARD<br>*Senior Litigation Counsel*<br>U.S. Department of Justice<br>Civil Division<br>Office of Immigration Litigation<br>District Court Section<br>P.O. Box 868, Ben Franklin Station<br>Washington, DC 20044<br>Tel.: (202) 616-9121<br>Email: brian.c.ward@usdoj.gov<br><br>SARAH STEVENS WILSON<br>*Assistant Director*<br>Office of Immigration Litigation<br>Appellate Section |