

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| THE STATE OF TEXAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:22-CV-094-Z |
| | § | |
| ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security, *et al.*, | § § § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court is Parties' Joint Status Report on Additional Briefing and Proceedings (ECF No. 71), filed on July 25, 2022. Parties agree "jurisdictional discovery should be completed in one discovery period that will conclude on September 23, 2022." ECF No. 71 at 1. But "[b]eyond this agreed proposal," Parties "disagree on how the case should proceed following the end of discovery." *Id.* After considering Parties' briefing and relevant law, the Court **ADOPTS** the schedule set forth in this Order.

**BACKGROUND**

Defendants anticipate they will challenge Plaintiff's standing under Federal Rule of Civil Procedure 12(b)(1). *Id.* at 2. Defendants propose Parties complete jurisdictional discovery by September 23, 2022. *Id.* at 3. After such discovery, Defendants may "answer or otherwise respond to the complaint by October 14, 2022." *Id.* The Court should then "issue a schedule for the remainder of the case" if "any claims remain at that point." *Id.* Defendants contend their proposed schedule would serve judicial economy because "[t]here is no overlap between the factual issues the Court will consider in determining whether it has subject matter jurisdiction and the

determinations the Court would make on the merits [regarding Plaintiff's Administrative Procedure Act ('APA') claims], meaning those issues will be resolved in a ruling on a motion to dismiss." *Id.* at 4. According to Defendants, Plaintiff's proposal "would require the parties to brief the merits of claims that may be dismissed, which would be a less efficient use of the Court's and the parties' time." *Id.*

Plaintiff avers this "case will be more efficiently resolved if the period of discovery is followed not by multiple rounds of briefing, but by a single bench trial at which the Court could resolve in one fell swoop every issue raised by the parties." *Id.* at 6. Plaintiff contends the jurisdictional discovery "covers the same topics in the same depth as would merits discovery." *Id.* Because Plaintiff thinks jurisdictional and merits discovery overlap, it would be "more efficient for the Court to consider those facts a single time in a single proceeding, after which it could render a single decision." *Id.*

ANALYSIS

Generally, a court must resolve its subject-matter jurisdiction *before* evaluating the merits of claims. *See Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868))). "The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" *Id.* (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)) (alteration in original).

When analyzing its subject-matter jurisdiction, "the district court is empowered to consider matters of fact which may be in dispute." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.

2

2001) (per curiam); *Land v. Dollar*, 330 U.S. 731, 735 & n.4 (1947). A court may analyze subject-matter jurisdiction based on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Robinson v. TCI/US W. Commc'ns Inc.*, 117 F.3d 900, 904 (5th Cir. 1997). "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the court can decide disputed issues of material fact in order to determine whether or not it has jurisdiction to hear the case." *Montez v. Dep't of Navy*, 392 F.3d 147, 149 (5th Cir. 2004); *Williamson v. Tucker*, 645 F.2d 404, 410–11 (5th Cir. 1981) (holding same and stating "an explanation of the basis of the district court's decision can be invaluable even in cases where Rule 52(a) clearly does not require findings of fact"); *see also* FED. R. CIV. P. 12(b)(1).

Jurisdiction must be shown by a preponderance of the evidence. *Vantage Trailers v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009). The burden of proof falls on the party claiming jurisdiction. *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936). Ultimately, a court should dismiss a suit for lack of subject-matter jurisdiction "only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming*, 281 F.3d at 161.

* * *

Plaintiff relies on *Montez v. Department of the Navy*, to argue that, in some instances, a trial court may — or even must — assume jurisdiction and proceed to the merits when issues of fact are central both to subject-matter jurisdiction and claims on the merits. ECF No. 71 at 7 (citing 392 F.3d 147 (5th Cir. 2004)). *Montez* involved a dispute as to whether a tortfeasor acted within the scope of his naval employment at the time of an accident that killed a person. 392 F.3d at 148. Because the scope of employment was a fact "determinative of both the federal jurisdiction

3

question and the underlying federal cause of action," the Fifth Circuit held "the district court erred in dismissing the case under Federal Rule of Civil Procedure 12(b)(1) when it resolved the disputed factual issue in favor of the Navy." *Id.* The court concluded:

> [W]here issues of fact are central both to subject matter jurisdiction and the *claim on the merits*, we have held that the trial court must assume jurisdiction and proceed to the merits. In circumstances where 'the defendant's challenge to the court's jurisdiction is also a challenge to the existence of a *federal cause of action*, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case' under either Rule 12(b)(6) or Rule 56.

*Id.* at 150 (quoting *Williamson*, 645 F.2d at 415) (emphasis added).

*Montez*, in turn, cites *Williamson v. Tucker* and *Daigle v. Opelousas Health Care, Inc.* 645 F.2d 404 (5th Cir. 1981); 774 F.2d 1344 (5th Cir. 1985). In *Williamson*, the Fifth Circuit held that "[w]here the defendant's challenge to the court's jurisdiction is also a challenge to the *existence of a federal cause of action*, the proper course of action for the district court . . . is to find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's case." 645 F.2d at 415 (emphasis added). And in *Daigle*, the Fifth Circuit noted it "has held that when a defendant's challenge to the court's jurisdiction *is also a challenge to the existence of a federal cause of action*, the proper procedure for the district court is to find that jurisdiction exists and to deal with the objection as a direct attack on the merits of the plaintiff's case." 774 F.2d at 1347 (emphasis added).

Parties do not dispute the existence of a federal *cause of action*. Instead, Parties dispute whether Plaintiff is entitled to certain forms of relief, including a permanent injunction — a type of *remedy*. A plaintiff pursuing a permanent injunction "must demonstrate: (1) it has suffered irreparable injury; (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) the public interest would not be disserved by

a permanent injunction." *eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006) (cleaned up). Because "it appears that the Defendants' standing argument will be based on a lack of harm to Texas," Plaintiff contends, "[t]he existence and scope of harm to Texas is one of the issues on which the Court will have to make a merits finding." ECF No. 71 at 7. According to Plaintiff, "[i]n that instance, 'the trial court *must* assume jurisdiction and proceed to the merits.'" *Id.* (quoting *Montez*, 392 F.3d at 150).

But "whether a court has jurisdiction to grant a particular remedy is different from the question whether it has subject matter jurisdiction over a particular class of claims." *Biden v. Texas*, 142 S. Ct. 2528, 2540 (2022); *see also Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 164 (2010) (stating "[t]he word 'jurisdiction' . . . says nothing about whether a federal court has subject-matter jurisdiction to adjudicate claims"). "Section 1252(f)(1) [of the Immigration and Nationality Act ('INA')] deprives courts of the power to issue a specific category of remedies: those that 'enjoin or restrain the operation of' the relevant sections of the statute." *Biden*, 142 S. Ct. at 2539; *see also* 8 U.S.C. § 1252(f)(1) (limiting the ability of lower courts to issue injunctive relief with respect to certain INA claims). "Section 1252(f)(1) bears no indication that lower courts lack power to hear any claim brought under sections 1221 through 1232." *Biden*, 142 S. Ct. at 2539.

Whether Plaintiff can show entitlement to injunctive relief does not implicate this Court's subject-matter jurisdiction to adjudicate Plaintiff's APA causes of action. *See id.* at 2540. Some facts may be relevant to Plaintiff's standing and the propriety of injunctive relief. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (reciting standing requirements); *eBay Inc.*, 547 U.S. at 391 (listing injunction factors). But at least at this stage, "a jurisdictional attack" on Plaintiff's standing does not appear to be "intertwined with the merits" of Plaintiff's APA claims. *Montez*, 392 F.3d at 150.

Because "issues of fact" do not appear to be "central both to subject matter jurisdiction" and the substance of Plaintiff's "claim[s] on the merits," the Court need not "assume jurisdiction and proceed to the merits." *Id.* Ruling otherwise could preclude adjudication of a Rule 12(b)(1) motion, standing alone, any time a plaintiff seeks permanent injunctive relief.

CONCLUSION

Based on the foregoing, the Court **ADOPTS** the following schedule:

- Parties must complete all jurisdictional discovery **on or before Friday, September 23, 2022**; and

- Defendants must answer, move to dismiss, or otherwise respond to Plaintiff's Complaint **on or before Friday, October 14, 2022**.

If Defendants file a motion to dismiss, Parties must confer and submit proposals for the timing of further briefing **within seven days** of the Court's adjudication of Defendants' motion. If Defendants do not file a motion to dismiss, Parties must confer and submit proposals for the timing of further briefing **on or before Friday, October 21, 2022**.

**SO ORDERED.**

August 3, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE