IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| THE STATE OF TEXAS, | § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | 2:22-CV-094-Z |
| ALEJANDRO MAYORKAS, in his official capacity as Secretary of Homeland Security, *et al.*, | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion to Reconsider Ruling on Defendants' Motion to Transfer ("Motion") (ECF No. 73), filed on August 5, 2022. Having considered the Motion, pleadings, and relevant law, the Court **DENIES** the Motion.

### BACKGROUND

On July 8, 2022, the Court denied Defendants' initial motion to dismiss or transfer this case to the United States District Court for the District of Columbia ("D.D.C."). *See* ECF No. 68. Defendants now ask the Court to reconsider its ruling in light of *Biden v. Texas* — a case this Court expressly considered notwithstanding inadequate briefing by the parties. *See id.* at 6 n.4.

### LEGAL STANDARD

The Federal Rules of Civil Procedure do not officially provide for a motion for reconsideration. *Shepherd v. Int'l Paper Co.*, 372 F.3d 326, 328 (5th Cir. 2004). A request to reconsider an interlocutory order has been construed to fall under Federal Rule of Civil Procedure 54(b). *Dos Santos v. Bell Helicopter Textron, Inc. Dist.*, 651 F. Supp. 2d 550, 553 (N.D. Tex. 2009). Rule 54(b) states: "any order or other decision, however designated, that adjudicates

fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims."

"Although the precise standard for evaluating a motion to reconsider under Rule 54(b) is unclear, whether to grant such a motion rests within the discretion of the court." *Dos Santos*, 651 F. Supp. 2d at 553. "[C]onsiderations similar to those under Rules 59 and 60 inform the Court's analysis." *Id.* "The Court's discretion to reconsider its interlocutory ruling is not limited by the heightened standards of other rules governing reconsideration of final orders . . . ." *Butler v. Collins*, No. 3:18-CV-00037-E, 2022 WL 717278, at *1 (N.D. Tex. Mar. 9, 2022).

### ANALYSIS

Defendants argue "reconsideration is warranted based on the Supreme Court's interpretation of 8 U.S.C. § 1252 following the Fifth Circuit's decision in *Texas* [*v. Biden*]." ECF No. 73 at 3. Specifically, Defendants assert the Court erred by holding 8 U.S.C. §§ 1252(a)(2)(A) and 1252(e)(3) do not require this case to be transferred to the D.D.C. *Id.* at 4. The Court will address Defendants' arguments below. In doing so, the Court will not revisit arguments previously addressed in its July 8, 2022 Opinion and Order.

### A. The Text and Structure of Section 1252 Support the Court's Conclusion

Evaluating Section 1252 in context, the Court held Section 1252 does not require this action to be transferred to the D.D.C. *See generally* ECF No. 68; *see also Yates v. United States*, 574 U.S. 528, 537, 539–40 (2015). The text and structure of Section 1252 indicate it does not govern cases in which a State sues to challenge an interim final rule, but rather applies to actions involving individual aliens.[1]

---

[1] Defendants read the Court's holding to *require* a final order of removal as a *prerequisite* before Section 1252 applies. *See generally* ECF Nos. 73, 77. That is not so. The Court acknowledged the title of Section 1252 "indicates the section applies to individual aliens (who are subject to orders of removal) rather than programmatic decisions." ECF No. 68 at 5 (quoting *Texas v. Biden*, 20 F.4th 928, 977 n.11 (5th Cir. 2021), *rev'd on other grounds*, 142 S. Ct. 2528 (2022)).

2

Section 1252 is titled "Judicial review of orders of removal." That title "indicates the section applies to individual aliens (who are subject to orders of removal) rather than programmatic decisions." *Texas*, 20 F.4th at 977 n.11; *see also Almendarez-Torres v. United States*, 523 U.S. 224, 234 (1998) ("[T]he title of a statute and the heading of a section are tools available for the resolution of doubt about the meaning of a statute." (internal marks omitted)); *House v. Commissioner*, 453 F.2d 982, 988 (5th Cir. 1972) (noting "meaning should be given to the section headings of a statute"). Section 1252 is broken into additional sections, each addressing various decisions, actions, and proceedings involving individual aliens.[2] Section 1252(a) addresses removal orders generally, identifies particular types of individual determinations, decisions, and removal orders not subject to judicial review, and makes Section 1252 the sole means to review such orders. Section 1252(b) discusses requirements a petitioner must meet to invoke a court's jurisdiction to review a removal order and how such review should occur. Section 1252(c) lists requirements "[a] petition for review or for habeas corpus of an order of removal" must satisfy. Section 1252(d) limits when a court may review a final order. Section 1252(e) — titled "Judicial review of orders under section 1225(b)(1)" — will be discussed in depth later. Section 1252(f)

---

The Court noted Section 1252(a)(2)(A) "appear[s] to apply to individual-removal decisions rather than broad, programmatic decisions." *Id.* at 6. More specifically, "Section 1252(a)(2)(A)(iv) — 'and hence the structure of the statute' — imply 'it applies to removal decisions affecting individual aliens and not broad programmatic decisions made by the Secretary of DHS." *Id.* at 7 (quoting *Texas*, 20 F.4th at 977 n.11). Then, the Court noted Section 1252(e) "also indicates it applies only to individual determinations" because "[a]lthough Section 1252(e)(3) itself does not include language specific to individual-removal proceedings, all other sections [of Section 1252(e)] . . . do." *Id.* at 7, 8; *see also id.* at 8 ("The text Defendants invoke . . . is surrounded by language affecting only individual aliens."). The Court thus concluded: "Almost all the specific terms listed in Section 1252 refer to *removal, removal orders, or removal proceedings*." *Id.* at 9 (emphasis added). By applying Section 1252 to things of the same general kind and class mentioned — *i.e.*, decisions and proceedings related to individual aliens rather than challenges to broad, programmatic decisions brought by States — the Court denied Defendants' request to transfer this action. *See id.*

[2] Defendants highlight cases involving non-State, organizational plaintiffs and argue Section 1252 applies to such organizations. The Court agrees. But courts evaluate non-State, organizational plaintiffs' standing with reference to *individual aliens' standing. See Make the Road N.Y. v. Wolf*, 962 F.3d 612, 628 (D.C. Cir. 2020) ("Whether aggrieved individuals sue on their own or band together through a representative association does not change the nature of the lawsuit as seeking to remedy *the individual members' injuries* arising from the Expansion Designation." (emphasis added)); *Am. Immigration Lawyers Ass'n v. Reno*, 199 F.3d 1352, 1354 (D.C. Cir. 2000) ("We hold that the organizational plaintiffs lacked standing to litigate the rights of aliens not parties to the lawsuits . . . .").

prohibits courts from awarding injunctive relief except to "an individual alien against whom proceedings . . . have been initiated" and from "enjoin[ing] the removal of any alien pursuant to a final order" under certain circumstances. And Section 1252(g) is a catch-all provision denying courts jurisdiction to hear "any cause or claim by or on behalf of any alien arising from the decision . . . to commence proceedings, adjudicate cases, or execute removal orders."

In the same way, the provisions of Section 1252(a)(2)(A) — which refers to Section 1252(e) — do not appear to apply when a State challenges a broad, programmatic decision. "Section 1252(a)(2)(A) repeatedly refers to an 'individual determination,' § 1252(a)(2)(A)(i), 'individual aliens,' § 1252(a)(2)(A)(iii), and to the provisions of § 1225(b)(1) that apply to inspection and asylum for individual aliens." *Texas*, 20 F.4th at 977 n.11. And other subsections repeatedly reference individual proceedings. *See id.* (discussing Sections 1252(a)(2)(C) and 1252(a)(2)(D)). Therefore, all sections surrounding Section 1252(a)(2)(A)(iv) — "and hence the structure of the statute" — imply "it applies to removal decisions affecting individual aliens and not broad programmatic decisions made by the Secretary of DHS." *Id.*

Section 1252(e) — titled "Judicial review of orders under section 1225(b)(1)" — also indicates it applies only to individual-related decisions and proceedings. *See United States v. Lauderdale County*, 914 F.3d 960, 965 (5th Cir. 2019) (explaining "section headings . . . can be used as evidence when interpreting the operative text of the statute"). Section 1252(e)(1) prohibits a court from awarding equitable relief "in any action pertaining to an order to exclude an alien" (except as otherwise authorized by Section 1252) and governs class certification. Section 1252(e)(2) permits aliens to challenge certain determinations made under Section 1225(b)(1) through petitions for habeas corpus. Section 1252(e)(3) — titled "Challenges on validity of the system" — is the only provision to omit individual-focused language. Section 1252(e)(4) limits

4

the remedies a court may order if it makes certain findings in the removal context. And Section 1252(e)(5) limits the scope of a court's inquiry "to whether [a removal] order in fact was issued and whether it relates to [a] petitioner," stating "[t]here shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal."

Although Section 1252(e)(3) itself does not include language specific to decisions or proceedings related to individual aliens, all other sections — 1252(e)(1), 1252(e)(2), 1252(e)(4), and 1252(e)(5) — do. *See generally* 8 U.S.C. § 1252(e). To read Section 1252(e)(3) as stripping all but the D.D.C. of jurisdiction to hear an Administrative Procedure Act challenge brought by a State does not comport with the text of Section 1252, taken as a whole and provided proper context. The text Defendants invoke — "[j]udicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia" — is surrounded by language affecting only individual aliens. *Id.* § 1252(e)(3); *see also Texas*, 20 F.4th at 977 n.11; *Am. Immigration Lawyers Ass'n*, 199 F.3d at 1359 ("From all we can gather, Congress must have contemplated that lawsuits challenging [implementation of Section 1225(b)(1)] would be brought, if at all, by individual aliens who . . . were aggrieved by the statute's implementation."). "If Congress indeed meant to make [Section 1252(e)(3)] an all-encompassing ban" on a State's ability to litigate claims related to Section 1225(b)(1) but unrelated to any individual alien in a venue other than the D.D.C., "one would have expected a clearer indication of that intent." *Yates*, 574 U.S. at 540.

### B. *Biden v. Texas* Reinforces the Court's Conclusions

Defendants argue *Biden v. Texas* forecloses this Court's holding that 8 U.S.C. §§ 1252(a)(2)(A) and 1252(e)(3) do not require the Court to transfer this case to the D.D.C. ECF No. 73 at 4. Defendants read *Biden* to hold "that provisions of Section 1252 apply to

programmatic claims and claims brought by States." *Id.* at 8. The Court disagrees: *Biden* instead supports the Court's interpretation and holding.

1. This Court's holding does not contradict *Biden v. Texas*

Defendants argue the Supreme Court foreclosed the Court's holding when it held "section 1252(f)(1) 'generally prohibits lower courts from entering injunctions that order federal officials to take or to refrain from taking actions to enforce, implement, or otherwise carry out the specified statutory provisions.'" *Biden*, 142 S. Ct. at 2538 (quoting *Garland v. Aleman Gonzalez*, 142 S. Ct. 2057, 2065 (2022)). Like this case, *Biden* was not a suit brought by or on behalf of individual aliens, but by States. *See generally id.* Therefore, Defendants argue, the whole of Section 1252 must apply to this case — a case unrelated to decisions or proceedings involving individual aliens. ECF No. 73 at 4–5.

But Defendants' argument and *Biden* only *reinforce* the Court's conclusion. Section 1252(f)(1) prohibits the Court from enjoining or restraining the operation of relevant provisions *unless* the Court does so "with respect to the application of such provisions to an individual alien against whom [removal] proceedings . . . have been initiated." That is, Section 1252(f)(1) limits the Court's equitable powers to relief regarding decisions and proceedings to which the Court determined Section 1252 applies. Moreover, Section 1252(f)(1) applied in *Biden* because the provision applies "[r]egardless of the nature of the action or claim or of the identity of the party or parties bringing the action."

2. *Biden v. Texas* supports this Court's interpretive method

Defendants argue the titles of Section 1252 and its many subsections should not inform the Court's analysis. *See* ECF No. 73 at 6–7. Defendants note "Section 1252(a)(2)(A)(iv) says nothing about individual removal decisions" and, therefore, is "not limited to individual noncitizens challenging their expedited removal orders." *Id.* at 6, 9. Defendants also acknowledge

6

Section 1252(e)(3) does not use individual decision-focused language. *Id.* at 6. Thus, various section titles and context gleaned from other provisions "cannot override the more specific text of Section 1252(a)(2)(A) and (e)(3)." *Id.* at 6.

But Defendants cannot be correct. Section 1252(e)(3)(A) — the provision at issue here — states: "Judicial review of determinations under section 1225(b) of this title and its implementation is available in an action instituted in the United States District Court for the District of Columbia." *Biden* involved Section 1225(b)(2)(C). Under Defendants' view, Section 1252(e)(3)(A)'s text — removed from statutory context — would require cases involving Section 1225(b)(2)(C), such as *Biden*, to be filed in the D.D.C. Yet the United States Supreme Court remanded *Biden* to *this* Court. *Biden*, 142 S. Ct. at 2548. The Court will not disregard all context the various titles and provisions of Section 1252 provide — whether they directly apply to Sections 1252(a)(2)(A)(iv) and (e)(3) or contextualize those provisions. Accordingly, Defendants' argument fails.

### C. The Court's Interpretation Does Not Nullify Other Provisions of Section 1252

Defendants argue limiting Section 1252 to claims by individual aliens challenging their orders of removal renders several provisions nullities. *See* ECF No. 73 at 10–11. Defendants read the Court's July 8, 2022 Opinion and Order to hold Section 1252 only applies when an individual alien subject to a final removal order sues. *See id.* at 10–12. But the Court did not hold a final order of removal is a *prerequisite* to suit. Instead, the Court held Section 1252 does not require transfer of an action in which a State sues to challenge an interim final rule — such as in this case — rather than a case in which decisions and proceedings related to individual aliens are at issue. *See generally* ECF No. 68. Defendants' arguments thus fail.

**CONCLUSION**

Based on the foregoing, the Court **DENIES** the Motion.

**SO ORDERED**.

September 14, 2022

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE