**United States District Court**
**Northern District of Texas**
**Amarillo Division**

STATE OF TEXAS,
    *Plaintiff,*

v.

ALEJANDRO MAYORKAS, in his official
  capacity as Secretary of Homeland
  Security, *et al.*,
    *Defendants.*

No. 2:22-cv-00094

## Motion to Compel Discovery Responses

Defendants respectfully move to compel responses to discovery requests they served on Plaintiff, the State of Texas, as part of this litigation. The parties have repeatedly moved to extend the deadline for jurisdictional discovery in this matter to allow time to complete the outstanding discovery. The Court most recently extended the deadline for jurisdictional discovery to August 4, 2023, but indicated that further extension requests must be supported by circumstances other than those raised in prior extension requests. The parties have conferred and Texas has represented that they plan to provide responses. However, in an abundance of caution given the upcoming deadline and the Court's indication that further extensions will require some new good cause, Defendants move to compel responses to the outstanding discovery in this matter. If the parties are able to resolve the outstanding issues with respect to discovery without intervention of the Court while this motion is pending, Defendants will notify the Court.

## BACKGROUND

Texas filed this suit on April 28, 2022, to challenge an Interim Final Rule governing consideration of asylum claims by asylum officers. ECF No. 1.

Defendants subsequently requested that the Court provide time for Defendants to conduct jurisdictional discovery to test Texas's speculative allegations of harm from the rule before briefing Plaintiffs' standing to bring this case. ECF No. 59 at 4-7. On May 31, 2022, the Court entered a scheduling order setting a deadline for the administrative record and a time period for "jurisdictional discovery into Texas's alleged injuries and standing to sue," and stayed further briefing during that discovery period. ECF No. 60.

On June 7, 2022, Defendants served Texas with a notice for depositions under Rule 30(b)(6). *See* Ex. A. On June 10, 2022, Defendants served Texas with a set of requests for production, interrogatories, and requests for admission. *See* Ex. B. The Court then granted the parties' request for additional time to complete discovery, ECF No. 65, and following Texas's withdrawal of its motion for a preliminary injunction, the Court reset and further extended the period of jurisdictional discovery, ECF No. 72.

The parties then sought additional extensions to complete discovery. *See* ECF Nos. 79, 81, 83, 85, 87. During this time, Texas produced some documents but never provided written responses to Defendants' requests for production identifying (1) what documents correspond to what requests, (2) whether any documents were withheld based on any objection or privilege, or (3) whether Texas's search for responsive documents was complete. Texas also never responded to Defendants' interrogatories or requests for admission served in June 2022. And Defendants have been unable to complete the depositions that were noticed in June 2022 because, as Defendants have consistently communicated to Texas, Defendants need to see Texas's complete responses to the requests for production and interrogatories before knowing the extent of depositions that will be necessary.

## ARGUMENT

Defendants respectfully move for an order requiring Texas to provide responses to Defendants' interrogatories, and written responses to Defendants requests for production identifying what documents correspond to what requests, whether any documents were withheld based on any objection or privilege, and detailing whether Texas's search for responsive documents is complete. Defendants request that Texas provide those responses on a timeline that allows Defendants a reasonable amount of time to review the responses and to schedule and conduct any of the previously noticed depositions that Defendants deem still necessary after reviewing Texas's complete response to Defendants' written discovery requests. Texas previously identified a number of different witnesses that would be necessary to cover the topics identified in Defendants' deposition notice, so it is possible that time for multiple depositions will be necessary.[1]

Under Rule 37, "a party may move for an order compelling disclosure or discovery," including where the opposing "party fails to answer an interrogatory submitted under Rule 33," fails to respond to requests for production under Rule 34, or fails to designate a witness or answer questions at a deposition, including under Rule 30(b)(6). Fed R. Civ. P. 37(a)(1), (a)(3)(i-iv). A party may thus move for production of materials and information that is within the scope of discovery and that has been requested but not received. *See, e.g.*, *Crosswhite v. Lexington Ins. Co.*, 321 Fed. App'x. 365, 368 (5th Cir.

---

[1] Texas also failed to respond to Defendants' Requests for Admission, but requests for admission are deemed admitted by operation of law in circumstances like this when the responding party fails to respond within the designated time. Rule 36(a)(3) provides: "*Time to Respond; Effect of Not Responding.* A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." *See also, e.g.*, *Hernandez v. Smith*, 793 F. App'x 261, 266 (5th Cir. 2019).

2009); *Lopez v. Don Herring Ltd.*, 327 F.R.D. 567, 574 (N.D. Tex. 2018). Texas has not raised any objections to Defendants' interrogatories, requests for production, or deposition notice in the year these requests have been pending, so the only issue at this point appears to be timing of Texas's responses and the opportunity to conduct depositions if necessary before discovery closes.

The parties conferred on the outstanding requests for production, interrogatories, and deposition notice, and counsel for Texas indicated that Texas intends to provide responses to the requests for production and interrogatories, and identify witnesses. However, given the limited time remaining in the discovery period to complete this discovery, the difficulties that might arise in scheduling depositions in the limited time that remains, and the Court's indication that additional good cause will be required for further extensions, Defendants respectfully move for an order compelling responses to the requests for production and interrogatories on a timeline that will allow a reasonable amount of time for Defendants to receive and review the discovery responses before completing any necessary depositions.

Dated: July 12, 2023.                          Respectfully submitted,

                                               BRIAN M. BOYNTON
                                               Principal Deputy Assistant
                                               Attorney General

                                               WILLIAM C. PEACHEY
                                               Director
                                               Office of Immigration Litigation
                                               District Court Section

                                               EREZ REUVENI
                                               Assistant Director

                                               /s/ Brian C. Ward
                                               BRIAN C. WARD
                                               Senior Litigation Counsel
                                               U.S. Department of Justice
                                               Civil Division
                                               Office of Immigration Litigation
                                               District Court Section
                                               P.O. Box 868, Ben Franklin Station
                                               Washington, DC 20044
                                               Tel.: (202) 616-9121
                                               brian.c.ward@usdoj.gov

                                               *Counsel for Defendants*

## Certificate of Conferences

I certify that on July 10, 2023, the parties conferred on this motion. Counsel for Texas indicated that they intend to provide responses to the outstanding discovery requests on which this motion is based.

                                               */s/ Brian C. Ward*
                                               U.S. Department of Justice

## Certificate of Service

I certify that on July 12, 2023, I filed this document through the Court's EM/ECF system, which serves it upon all counsel of record.

/s/ Brian C. Ward
U.S. Department of Justice