IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS,  *Plaintiff,*  v.  ALEJANDRO MAYORKAS, *et al.*,  *Defendants.* | Civil Action No. 2:22-cv-00094-Z |

### NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants write to notify the Court of a decision in the other case challenging the Asylum Interim Final Rule ("IFR"), *Arizona v. Garland*, No. 6:22-cv-1130, 2024 WL 1645417 (W.D. La. Apr. 16, 2024). In that case, 19 States challenged the IFR raising standing arguments that are identical to what Texas argues in this case. After allowing jurisdictional discovery, Judge Joseph evaluated whether the States could show evidence of harm, as required in a factual attack on standing. Despite the fact that plaintiffs submitted far more evidence than Texas provided in this case, Judge Joseph concluded that none of the 19 States could show harm traceable to the IFR and dismissed the case for lack of standing.

In assessing plaintiffs' standing, Judge Joseph first found that because discovery was permitted and Defendants advanced a "factual attack" on jurisdiction, Plaintiffs were "required to submit facts through some evidentiary method" and had "the burden of proving by a preponderance of the evidence that the trial court has subject matter jurisdiction." Op. at 10. Judge Joseph then applied the familiar standard requiring plaintiffs to show "a concrete and particularized injury that is either actual or imminent," "fairly traceable" to the IFR, and would be "redressed by

a favorable decision." *Id*. at 20-21. He noted that "'harm' in the immigration context is understood and evaluated as 'relative to the status quo, and relative to Plaintiff's position absent the challenged policy.'" *Id.* at 26 (citing Judge Tipton's decision finding Texas lacked standing to challenge certain DHS policies in *Texas v. DHS*, No. 6:23-CV-00007, 2024 WL 1021068 (S.D. Tex. Mar. 8, 2024)). Judge Joseph, like Judge Tipton, held that a plaintiff may not simply rely on its pleadings in a factual attack on standing but rather must establish that "the number of aliens, and the associated costs attributable to them, increased relative to those same numbers prior to the implementation of the challenged program." *Id*. at 26-27. He found a "key, central fact" undermining plaintiffs' arguments for harm was that "[a]sylum positive credible fear findings and grant rates … have gone down since the implementation of the Asylum IFR." Op. 26-27; *id*. at 27-28 (summarizing data showing post-IFR grant rates declined).

Plaintiffs in the Louisiana case relied on alleged injuries to Louisiana and Florida to assert standing. Notably, unlike Texas, both Louisiana and Florida are states where DHS is conducting asylum merits interviews under the IFR. Nonetheless, Judge Joseph concluded neither State had shown harm from the IFR. Louisiana was unable to show any noncitizens processed under the IFR had used State services or caused additional costs to the State and, like Texas in this case, Louisiana was unable to "produce[ ] data or statistics showing that it has sustained any specific monetary cost … on behalf of aliens processed under the Asylum IFR." Op. at 29. The court also noted Louisiana was unable to show any increase in education costs traceable to the IFR and, in fact, education costs had "*decreased* since the Asylum IFR was implemented." *Id*. at 31. Judge Joseph similarly noted Florida could not point to any evidence of additional costs for education, healthcare, or other State services for noncitizens processed under the IFR. *Id*. at 32-34.

Judge Joseph found the 19 plaintiff states "lack[ed] standing to bring their claims

2

challenging the Asylum IFR" because even "where the Asylum IFR's asylum-adjudication procedures have been applied, the Rule has not resulted in a higher rate of positive credible fear findings or asylum grants by asylum officers," and the States were "unable to otherwise demonstrate increased costs attributable to the implementation of the Asylum IFR relative to their costs before the Asylum IFR was implemented." Op. at 35-36. If States where the IFR is being applied cannot show harm, then Texas, where DHS is not conducting asylum merits interviews under the IFR, also cannot show harm. Texas argued in response to Defendants' motion to reconsider that "[t]he fact that the IFR may not name Texas destinations as applicable points of entry does not disprove Texas's assertion that the IFR increased immigration to Texas," because immigrants may move around. ECF No. 127 at 4. But Texas provided no evidence that asylum seekers subject to the asylum adjudication provisions of the IFR destined for other States were likely to relocate to Texas, and the Louisiana decision holds there is no evidence of any additional noncitizens present in other States as a result of the IFR who could move around or cause additional costs to any State, providing further support to Defendants' motion to reconsider and dismiss.

Accordingly, Defendants respectfully request that the Court reconsider its prior decision and, for the same reasons as Judge Joseph, find Texas has not demonstrated Article III standing, and dismiss this case.

Date: April 17, 2024

Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Counsel*

ERIN T. RYAN
ELISSA P. FUDIM
JOSEPH DARROW
*Trial Attorneys*

*/s/ Brian C. Ward*
BRIAN C. WARD
*Senior Litigation Counsel*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 616-9121
Email: brian.c.ward@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

      I hereby certify that on April 17, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

                                    */s/ Brian C. Ward*
                                    BRIAN C. WARD
                                    United States Department of Justice