IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| STATE OF TEXAS, ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. 2:22-cv-00094-Z |
| ) | |
| ALEJANDRO MAYORKAS, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

**REPLY TO PLAINTIFFS' OPPOSITION
TO NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants offer this short response to an argument newly raised by Plaintiff in its opposition, ECF No. 130, to Defendants' notice of supplemental authority regarding *Arizona v. Garland*, No. 6:22-cv-1130, 2024 WL 1645417 (W.D. La. Apr. 16, 2024), ECF No. 129, a decision dismissing a challenge by 17 States to the Asylum Officer Interim Final Rule ("IFR") for lack of Article III standing.[1] Plaintiff argues that the *Arizona* court's decision to deny the government's motion to transfer, which addresses whether the IFR implements 8 U.S.C. § 1225(b)(1), can be used offensively under the doctrine of issue preclusion to preclude Defendants from arguing the IFR is permitted by the Immigration and Nationality Act ("INA") in this case. ECF No. 130 (citing *Arizona*, 2024 WL 1645417, at *8).

Plaintiff's argument is foreclosed by longstanding Supreme Court precedent. First, the doctrine of issue preclusion cannot be used offensively against the federal government.

---

[1] The other arguments made by Plaintiff in its opposition filing also lack merit, for reasons already explained. *See* ECF Nos. 123, 128. Much of Plaintiff's filing improperly provides additional briefing regarding its opposition to Defendants' Motion to Reconsider the Court's ruling on the motion to dismiss. *See, e.g.,* ECF No. 130 at 6-8.

"[N]onmutual offensive collateral estoppel simply does not apply against the government[.]" *United States v. Mendoza*, 464 U.S. 154, 162 (1984). "The conduct of government litigation in the courts of the United States is sufficiently different from the conduct of private civil litigation in those courts so that what might otherwise be economy interests underlying a broad application of collateral estoppel are outweighed by the constraints which peculiarly affect the government." *Id.* at 162-63.

Even if issue preclusion could be employed against Defendants here, its elements are not satisfied. "Issue preclusion or collateral estoppel is appropriate when: (1) the identical issue was previously adjudicated; (2) the issue was actually litigated; and (3) the previous determination was necessary to the decision." *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272, 290 (5th Cir. 2005). Further, "a dismissal for lack of jurisdiction," such as *Arizona*'s dismissal for lack of standing, would only "preclude relitigation of the issues determined in ruling *on the jurisdiction question*" itself. *Miller v. Nationwide Life Ins. Co.*, No. 06-31178, 2008 WL 3086783, at *4 (5th Cir. Aug. 6, 2008) (emphasis added). The court's discussion of whether the IFR implements section 1225(b)(1), 2024 WL 1645417 at *5-*8, was not part of its determination of the standing issue and not "necessary to the decision" dismissing the case for lack of standing in *Arizona*, *id.* at *16.[2]

*Arizona* entered judgment for the federal government, holding that the States lacked Article III standing to challenge the IFR. *Arizona* did not enter judgment *for* the States, and its discussion of the IFR's statutory legal authority concerned the ancillary issue of whether to transfer venue. *Id.* The court's determination on transfer was unconnected to its determination that the States lacked standing, *id.* at 14, and the section 1225(b)(1) and 1252(e) discussion was *dicta* as far as

---

[2] Moreover, *Arizona*'s conclusion that the IFR does not implement section 1225(b)(1) is flatly at odds with this Court's contrary conclusion, ECF No. 68 at 4.

Arizona's judgment *against* the States was concerned. The issue to be precluded must be "necessary to the ultimate outcome of the prior proceeding." *Bobby v. Bies*, 556 U.S. 825, 829 (2009) ("Issue preclusion … does not transform final judgment losers, in civil or criminal proceedings, into partially prevailing parties."); *see* Restatement (Second) of Judgments § 27 (1982) (explaining issue preclusion does not apply to determinations where "the judgment is not dependent upon the determinations," which "have the characteristics of dicta"). Plaintiff cannot impose issue preclusion based on a court's language that was unrelated to its judgment *that went the other way*.

A court has "leeway to choose among threshold grounds for denying audience to a case on the merits" but when it resolves a case on a threshold ground, it does "not proceed *at all* to an adjudication of the cause." *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (emphasis added) (internal quotation omitted). Thus, where a court dismisses claims based on a jurisdictional defect such as standing, the dismissal by definition does not reach the merits (which are what Plaintiff seeks to use *Arizona*'s discussion of the IFR's implementing statute for here), and discussion of issues unrelated to the jurisdictional defect have no preclusive effect. *See Miller*, 2008 WL 3086783, at *4; *Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) ("Dismissal with prejudice for failure to state a claim is a decision on the merits and essentially ends the plaintiff's lawsuit, whereas a dismissal on jurisdictional grounds alone is not on the merits …."). Indeed, where *Arizona* did in fact reach the merits, it dismissed those claims *with prejudice,* further reinforcing the fact that its omnibus dismissal without prejudice for lack of standing did not address the merits of the States' claims. *See* 2024 WL 1645417 at *16 (dismissing with prejudice the Secure Fence Act and Take Care Clause claims on the additional ground that they failed to state a claim under Fed. R. Civ. P. 12(b)(6)). Plaintiff thus has no basis for arguing that

*Arizona* has preclusive effect for the merits of its Administrative Procedure Act claims here.

For the foregoing reasons, *Arizona*'s discussion of the IFR's statutory authority has no preclusive effect here.

Date: May 10, 2024                     Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

WILLIAM C. PEACHEY
*Director*
Office of Immigration Litigation
District Court Section

EREZ REUVENI
*Counsel*

BRIAN C. WARD
*Senior Litigation Counsel*

/s/ Joseph A. Darrow
JOSEPH A. DARROW
ERIN T. RYAN
ELISSA P. FUDIM
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: 202-598-7537
Email: joseph.a.darrow@usdoj.gov

*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 10, 2024, I electronically filed the foregoing with the Clerk of the Court using CM/ECF, which provided an electronic notice and electronic link of the same to all attorneys of record.

>By: */s/ Joseph A. Darrow*
>JOSEPH A. DARROW
>United States Department of Justice