**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-00094-Z |
| | ) | |
| ALEJANDRO MAYORKAS, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**<u>DEFENDANTS' ANSWER</u>**

1

Pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, Alejandro Mayorkas, in his official capacity as Secretary of Homeland Security, et al., (collectively, "Defendants"), by their undersigned attorneys, respond to the allegations contained in the numbered paragraphs of Plaintiff's Complaint, ECF No. 1, as follows. Defendants generally deny all allegations not specifically admitted.

## ANSWER

1.      Defendants admit that they promulgated an Interim Final Rule (the "IFR") on March 29, 2022, that took effect on May 31, 2022. *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18,078 (Mar. 29, 2022). Defendants deny the remaining allegations in Paragraph 1.

2.      Paragraph 2 consists of conclusions of law, which require no response. To the extent a response is deemed required, Defendants deny.

3.      Paragraph 3 consists of conclusions of law, to which no response is required.  To the extent that a response is deemed necessary, Defendants deny that Plaintiff is entitled to declaratory, preliminary, or permanent injunctive relief, or any relief whatsoever.

## I.      Parties

A.      **Plaintiff**

4.      Admit.

B.      **Defendants**

5.      Admit.

6.      Admit.

7.      Admit.

8.      Deny. Chris Magnus is no longer Commissioner of CBP. Troy A. Miller is now the Senior Official Performing the Duties of the Commissioner of CBP.

9.      Deny. Tae Johnson is not Acting Director of ICE. Patrick J. Lechleitner is the Senior Official Performing the Duties of the Director of ICE.

10.     Admit.

11.     Admit.

12.     Admit.

13.     Admit.

14.     Defendants admit that the United States of America is "the federal sovereign" but deny that Congress has waived sovereign immunity for the United States itself to be sued in this context.

## II.      Jurisdiction and Venue

15.     Paragraph 15 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

16.     Paragraph 16 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

17.     Paragraph 17 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

## III.      Facts

A.      **Expedited Removal of Illegal Aliens at the Border**

18.     Paragraph 18 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.  Defendants further aver that the statute cited speaks for itself.

19.     Paragraph 19 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.  Defendants further aver that the statutes cited speak for themselves.

20.     Paragraph 20 consists of conclusions of law, to which no response is required. The allegation further constitutes Plaintiff's characterization of the removal process, to which no response is required. To the extent a response is deemed required, Defendants deny.

21.     Paragraph 21 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

22.     Paragraph 22 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

23.     Paragraph 23 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

24.     Paragraph 24 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

25.     Paragraph 25 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

26.     Paragraph 26 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

27.     Paragraph 27 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

28.     Paragraph 28 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

**B.     The Parole Authority**

29.     Paragraph 29 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

30.     Paragraph 30 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

31.     Paragraph 31 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

32.     Paragraph 32 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

**C.     Immigration Judges**

33.     Paragraph 33 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

34.     Paragraph 34 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

35.     Paragraph 35 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

**D.     Asylum Officers**

36.     Paragraph 36 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

37.     Paragraph 37 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

**E.     Appointments Clause**

38.     Paragraph 38 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

39.     Paragraph 39 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

40.     Paragraph 40 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

41.     Paragraph 41 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

42.     Paragraph 42 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

**F.     The NPRM**

43.     Defendants admit that they published a Notice of Proposed Rulemaking ("NPRM") on August 20, 2021. The remaining allegations in Paragraph 43 consist of Plaintiff's characterization of the case and conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

44.     Paragraph 44 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

45.     Paragraph 45 consists of conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

46.     Paragraph 46 consists of Plaintiff's characterization of the case and conclusions of law, to which no response is required. To the extent a response is deemed required, Defendants deny.

47.     Admit.

**G.     The Interim Rule**

48.     Defendants admit that they promulgated the IFR on March 29, 2022. The remaining allegations in Paragraph 48 quote the IFR, which speaks for itself and to which no response is required. To the extent a response is deemed required, Defendants deny.

49.     Paragraph 49 purports to cite and quote the IFR, which speaks for itself and to which no response is required. To the extent a response is deemed required, Defendants deny.

50.     Paragraph 50 purports to cite and quote the IFR, which speaks for itself and to which no response is required. To the extent a response is deemed required, Defendants deny.

51.     Paragraph 51 purports to characterize the IFR, which speaks for itself and to which no response is required. To the extent a response is deemed required, Defendants deny.

**H.     Irreparable Harms to Texas**

52.     Defendants deny the first sentence of Paragraph 52. Defendants admit that federal law requires states to provide public education and emergency healthcare services to noncitizens regardless of status. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 52, and on that basis, deny those allegations.

53.     Defendants admit the first sentence of Paragraph 53, and deny the second sentence on the basis that is unclear what Plaintiff means by its use of the term, "illegal aliens," in this context. Defendants lack sufficient information to admit or deny the remaining allegations in Paragraph 53, and on that basis, deny those allegations.

54.     Defendants remain unclear what the term, "illegal aliens," means in this context. Defendants also lack sufficient information to admit or deny the allegations in Paragraph 54, and on that basis, deny the allegations in full.

55.     Defendants remain unclear what the term, "illegal aliens," means in this context. Defendants also lack sufficient information to admit or deny the allegations in Paragraph 55, and on that basis, deny the allegations in full.

56.     Defendants remain unclear what the term, "illegal aliens," means in this context. Defendants also lack sufficient information to admit or deny the allegations in Paragraph 56, and on that basis, deny the allegations in full.

57.     Defendants remain unclear what the term, "illegal immigration," means in this context. Defendants also lack sufficient information to admit or deny the allegations in Paragraph 57, and on that basis, deny the allegations in full.

58.     Defendants remain unclear what the term, "illegal aliens," means in this context. Defendants deny the first sentence of Paragraph 58. The remaining allegations in Paragraph 58 are Plaintiff's characterization of the case and conclusions of law, to which no response is required. To the extent that a response is deemed required, Defendants deny.

59.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 59, and on that basis, deny the allegations in full.

60.     Defendants lack sufficient information to admit or deny the allegations in Paragraph 60, and on that basis, deny the allegations in full.

### IV.     Claims for Relief

61.     Paragraph 61 consists of conclusions of law, which require no response. Defendants further aver that the statute cited speaks for itself. If a response is deemed required, Defendants deny.

62.     Deny.

**A.     Contrary to law—Homeland Security Act.**

63.     Paragraph 63 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

B.     **Contrary to law—exceeds authority authorized by statute.**

64.     Paragraph 64 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

C.     **Contrary to Constitutional power—Appointments Clause.**

65.     Paragraph 65 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

66.     Paragraph 66 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

67.     Paragraph 67 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

68.     Paragraph 68 consists of Plaintiff's characterization of the case and conclusions of law, which require no response. If a response is deemed required, Defendants deny.

69.     Paragraph 69 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

D.     **Arbitrary and capricious decision-making.**

70.     Paragraph 70 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

71.     Paragraph 71 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

72.     Paragraph 72 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

73.     Paragraph 73 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

74.     Paragraph 74 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

75.     Paragraph 75 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

76.     Paragraph 76 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

77.     Paragraph 77 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

**E.     Lack of notice and comment.**

78.     Paragraph 78 consists of conclusions of law, which require no response. If a response is deemed required, Defendants deny.

**PRAYER FOR RELIEF**

Plaintiff's Prayer for Relief contains no factual allegations and therefore does not require a response. To the extent a response is required, Defendants deny that Plaintiff is entitled to the specific reliefs requested or to any relief whatsoever.

**GENERAL DENIAL**

Defendants deny all allegations not specifically admitted.

**AFFIRMATIVE DEFENSES**

In further answer to Plaintiff's Complaint and as separate affirmative defenses, Defendants state as follows:

1.     The Court lacks subject matter jurisdiction over Plaintiff's Complaint.

10

2.     Plaintiff fails to establish a justiciable Article III case or controversy.

3.     Plaintiff lacks standing for all of its claims.

4.     Plaintiff's Complaint and each cause of action therein fails to state a claim upon which relief may be granted.

5.     Plaintiff lacks a cause of action and cannot obtain review under the Administrative Procedures Act (APA).

6.     Plaintiff challenges decisions committed to agency discretion by law.

7.     Plaintiff fails to allege a final agency action.

8.     Various statutes bar APA review of Plaintiff's claims.

9.     Plaintiff's challenge is time-barred by the applicable statute of limitations for challenges to federal statutes and regulations.

10.    Although Defendants do not presently have specific facts in support of their remaining defenses, they hereby put Plaintiff on notice that Defendants raise the following affirmative defenses, as set forth in Federal Rule of Civil Procedure 8, should Defendants become aware of facts that support those defenses, including but not limited to: estoppel, res judicata, waiver, and fraud.

11.    Defendants reserve the right to assert other defenses as this action proceeds up to, and including, the time of resolution of this case on the merits.

**DEFENDANTS' PRAYER FOR RELIEF**

Defendants, having fully answered Plaintiff's Complaint, respectfully pray for judgment denying each and every prayer for relief, dismissing the action, granting Defendants their costs, and granting such other and further relief as this Court deems just and proper.

Dated: July 9, 2024                    Respectfully submitted,

                                       BRIAN M. BOYNTON
                                       *Principal Deputy Assistant Attorney General*

                                       WILLIAM C. PEACHEY
                                       *Director*
                                       Office of Immigration Litigation
                                       District Court Section

                                       EREZ REUVENI
                                       *Counsel*

                                       BRIAN C. WARD
                                       *Senior Litigation Counsel*

                                       /s/ *Joseph A. Darrow*
                                       JOSEPH A. DARROW
                                       ERIN T. RYAN
                                       ELISSA P. FUDIM
                                       *Trial Attorneys*
                                       U.S. Department of Justice
                                       Civil Division
                                       Office of Immigration Litigation
                                       District Court Section
                                       P.O. Box 868, Ben Franklin Station
                                       Washington, DC 20044
                                       Tel.: (202) 598-7537
                                       Joseph.a.darrow@usdoj.gov

                                       *Counsel for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 9, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States District Court for the Northern District of Texas by using the CM/ECF system. Counsel in the case are registered CM/ECF users and service will be accomplished by the CM/ECF system.

/s/ *Joseph A. Darrow*
JOSEPH A. DARROW
U.S. Department of Justice