**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION**

STATE OF TEXAS,

     *Plaintiff,*

v.

KRISTI NOEM, IN HER OFFICIAL CAPACITY AS
SECRETARY OF HOMELAND SECURITY, *ET AL.,*

     *Defendants.*

Case 2:22-cv-00094-Z

## JOINT STATUS REPORT

Pursuant to the Court's Order of March 3, 2025, ECF No. 174, the parties submit the following joint report on the status of proceedings in this case.

In this case, the State of Texas challenges the Asylum Processing IFR, *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18078, 18107-08 (Mar. 29, 2022), sometimes referred to as the Asylum Officer Rule.

Defendants report that the Department of Homeland Security (DHS) is considering plans to rescind or modify the IFR, and intend to include language to this effect in the next Unified Regulatory Agenda that will be published this summer. Because the IFR may be rescinded or modified, this case may become moot. Accordingly, to preserve judicial and party resources, Defendants request that the Court continue to hold this case in abeyance until DHS publishes its Unified Regulatory Agenda setting forth its intention for the IFR.

Plaintiff State of Texas commends Defendants for their stated intention to consider rescinding or modifying the Asylum Officer Rule, which Texas has contended is unlawful for

1

almost three years. Texas does not doubt Defendants' good faith in stating their intention. However, Defendants cannot now assure Texas or the Court if or when the challenged Rule will actually be rescinded or modified.

Any possible modification of the Asylum Officer Rule may or may not render this case moot, depending on the terms of the possible modification. Any attempted rescission of that Rule by Defendants may be challenged in some other court and blocked or substantially delayed. *See, e.g., Doe v. Noem*, 2025 U. S. Dist. LEXIS 70398 (D. Mass. Apr. 14, 2025) (staying Defendants' revocation of paroles of over 500,000 Cuban, Haitian, Nicaraguan and Venezuelan aliens paroled into the United States, except after case-by-case review). Unless and until rescission is actually accomplished, an unlawful rule remains in effect, this case is not moot, and Texas continues to suffer injury from the Asylum Officer Rule.

This Court set a briefing schedule for cross motions for summary judgment in this case on September 6, 2024. (ECF No. 147). The parties complied with that schedule. (ECF Nos. 154, 155, 159, 160, 161, 163, 164, 167). Briefing on the parties' cross motions for summary judgment was completed on January 13, 2025, and the motions are ripe for decision.

Texas now respectfully requests that the Court perform in this case the indispensable judicial function that federal courts have performed for over 200 years. "It is emphatically the province and duty of the judicial department to say what the law is." *Marbury v. Madison*, 5 U. S. 137, 177 (1803). Texas therefore asks the Court to decide the pending motions for summary judgment rather than continue this case in abeyance (and continue the Asylum Officer Rule in effect) for an indefinite future period.

Dated May 5, 2025

Respectfully submitted.

YAAKOV M. ROTH
*Acting Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

/s/ *Elissa Fudim*
ELISSA P. FUDIM
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

CHRISTOPHER HALL
*Assistant Branch Director*

ELIZABETH TULIS
*Assistant Director*
U.S. Department of Justice
Civil Division, Federal Programs Branch

***Counsel for Defendants***

**JAMES ROGERS**
Utah Bar No. 18783
America First Legal Foundation
611 Pennsylvania Avenue SE, #231
Washington, DC 20003
(480) 570-4988
James.Rogers@aflegal.org

**KEN PAXTON**
Attorney General

**BRENT WEBSTER**
First Assistant Attorney General

**RALPH MOLINA**
Deputy First Assistant Attorney General

**RYAN D. WALTERS**
Deputy Attorney General for Legal Strategy

**RYAN G. KERCHER**
Chief, Special Litigation Division

/s/ *David Bryant*
**DAVID BRYANT**
Senior Special Counsel
Attorney-in Charge
Texas Bar No. 03281500

**MUNERA AL-FUHAID**
Special Counsel
Texas Bar No. 24094501

**MARK A. CSOROS**
Assistant Attorney General
Texas Bar No. 24142814

**OFFICE OF THE ATTORNEY GENERAL**
Special Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
David.Bryant@oag.texas.gov
Munera.Al-Fuhaid@oag.texas.gov
Mark.Csoros@oag.texas.gov

***Counsel for the State of Texas***

### CERTIFICATE OF SERVICE

On May 5, 2025, I filed this document through the Court's CM/ECF system, which automatically serves it upon all counsel of record as follows:

Brian C. Ward - Brian.c.ward@usdoj.gov
Elissa P. Fudim - Elissa.p.fudim@usdoj.gov

/s/ *David Bryant*
**DAVID BRYANT**

4