# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# AMARILLO DIVISION

|  |  |
|---|---|
| STATE OF TEXAS, | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 2:22-cv-00094-Z |
| KRISTI NOEM, in her official capacity as Secretary of Homeland Security, *et al.*, | ) |
| *Defendants.* | ) |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of May 22, 2025, ECF No. 178, the parties submit the following joint status report on the status of the anticipated Unified Regulatory Agenda and how it will affect the disposition of this case.

As the Court is aware, the State of Texas challenges the Asylum Processing IFR, *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18078, 18107-08 (Mar. 29, 2022), sometimes referred to as the Asylum Officer Rule.

On May 5, Defendants reported that the Department of Homeland Security (DHS) is considering plans to rescind or modify the IFR, and intends to include language to this effect in the next Unified Regulatory Agenda that will be published this summer. ECF No. 174. In response, the Court stayed this case pending "the publication of the Unified Regulatory Agenda." ECF No. 178.

The Unified Regulatory Agenda has not yet come out, but Defendants still anticipate that it will be published this summer. Defendants cannot comment on any particular language that may appear in the Unified Regulatory Agenda, but understand that the IFR may be rescinded or modified. If the IFR is rescinded or modified, this case may become moot. Accordingly, to preserve judicial and party resources, Defendants request that the Court continue to hold this case in abeyance until the Unified Regulatory Agenda is published, setting forth DHS's intention for the IFR, as it so ordered on May 22, 2025. Defendants further request that the Court stay its order for Defendants to specifically explain how the Unified Regulatory Agenda's discussion of the challenged rule affects the disposition of this case at this time.

Plaintiff State of Texas notes that Defendants have not complied with the Court's direction in its Order of May 22, 2025, that this Status Report "must specifically explain how the Unified

1

Regulatory Agenda's discussion of the challenged rule affects the disposition of this case." Defendants apparently are unable to provide any more information regarding the intentions of DHS with respect to the Asylum Officer Rule on July 1 than they could on May 5. Of course, Texas cannot do so either. Texas simply urges DHS and Defendants to rescind the unlawful Asylum Officer Rule as soon as possible.

Dated: July 1, 2025.                Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

BRIAN C. WARD
*Acting Assistant Director*

/s/ Elissa Fudim
ELISSA P. FUDIM
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov

CHRISTOPHER HALL
*Assistant Branch Director*

ELIZABETH TULIS
*Assistant Director*
U.S. Department of Justice
Civil Division, Federal Programs Branch

Attorneys for Defendants

Ken Paxton
Attorney General of Texas

Brent Webster
First Assistant Attorney General

Ryan D. Walters
Deputy Attorney General for Legal Strategy

_____*s/ David Bryant*_____
David Bryant
Senior Special Counsel
Texas Bar No. 03281500

Munera Al-Fuhaid
Special Counsel
Texas Bar No. 24094501

Mark A. Csoros
Assistant Attorney General
Texas Bar No. 24142814

Office of the Attorney General
Special Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
David.Bryant@oag.texas.gov

James Rogers
Utah Bar No. 18783
America First Legal Foundation
611 Pennsylvania Avenue SE, #231
Washington, DC 20003
(480) 570-4988
James.Rogers@aflegal.org
**Counsel for the State of Texas**

3