**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

|  |  |  |
|---|---|---|
| STATE OF TEXAS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:22-cv-00094-Z |
| | ) | |
| MARKWAYNE MULLIN, | ) | |
| in his official capacity as | ) | |
| Secretary of Homeland Security, *et al.,* | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

**JOINT STATUS REPORT**

Pursuant to the Court's Order of December 31, 2025 (ECF No. 190), the parties submit the following joint status report on this case.

As the Court is aware, the State of Texas has for almost four years challenged the Asylum Processing IFR, *Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18078, 18107-08 (Mar. 29, 2022), sometimes referred to as the "Asylum Officer Rule" or "IFR". The Asylum Officer Rule remains in effect today.

On December 19, 2025, the parties filed a Joint Status Report herein (ECF No. 189) in which Defendants stated:

> DHS, in consultation with the Department of Justice Executive Office for Immigration Review, has decided to rescind the IFR, including the provisions that created a process for asylum officers to conduct asylum merits interviews ("AMIs"), amended the regulations regarding parole of aliens in expedited removal, streamlined immigration judge removal proceedings for aliens denied asylum in an AMI, and changed credible fear

> procedures. This process may take the form of multiple rulemakings, and a
> timeline for such action(s) is still being considered.

*Id.* (citations omitted).

As of this date, Defendants further state as follows: DHS continues to move expeditiously to rescind the provisions of the IFR, including the provisions that created asylum merits interviews ("AMI"), amended the regulations regarding parole of aliens in expedited removal, streamlined immigration judge removal proceedings for aliens denied asylum in an AMI, and changed credible fear procedures. DHS is working on the drafting and clearances necessary for issuance of the rulemaking. *See* Declaration of Eric A. Ruark, dated March 31, 2026, attached hereto. Meanwhile, and as noted in the parties' last joint status report, U.S. Citizenship and Immigration Services ("USCIS") paused new family unit enrollment in the AMI process as of June 6, 2024, and has not restarted enrollments since that time. ECF No. 189 at 1, citing 189-1 at ¶ 4.

Given that AMIs have not taken place since June 6, 2024, USCIS has no intention of resuming the process, and DHS intends to rescind the IFR, and is engaged in drafting the rulemaking(s) necessary to do so, those portions of the IFR concerning EOIR—specifically the processes by which immigration judges review denials from the AMI process—have no present or foreseeable application. Based on the foregoing, Texas is not suffering any present injury from the IFR and faces no foreseeable injury from it. Moreover, this case will become moot once DHS completes the rulemaking process(es) to rescind the IFR. Defendants submit that continued litigation would not be an efficient use of the parties' or the Court's resources and request that this case continue to be held in abeyance until such time as DHS has formally rescinded the IFR.

Texas believes that it is past time for Defendants to proceed promptly to rescind the unlawful Asylum Officer Rule, which was promulgated by Defendants over four years ago. Texas therefore respectfully asks the Court to end the stay and to grant summary judgment in its favor

and to vacate and set aside the Asylum Officer Rule.

Dated: March 31, 2026.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D.WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division

Respectfully submitted,

/s/ David Bryant
DAVID BRYANT
Senior Special Counsel
Texas Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Texas Bar No. 24094501

ALEXIA K. BAKER
Assistant Attorney General
Texas Bar No. 24142814

Office of the Attorney General
Special Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
David.Bryant@oag.texas.gov
James Rogers
Utah Bar No. 18783
America First Legal Foundation
611 Pennsylvania Avenue SE, #231
Washington, DC 20003
(480) 570-4988
James.Rogers@aflegal.org

**Attorneys for Plaintiff State of Texas**

BRETT A. SHUMATE
*Assistant Attorney General*

YAAKOV M. ROTH
*Principal Deputy Assistant Attorney General*

DREW C. ENSIGN
*Deputy Assistant Attorney General*

/s/ *Elissa Fudim*
ELISSA P. FUDIM
*Trial Attorneys*
U.S. Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel.: (202) 598-6073
Email: elissa.p.fudim@usdoj.gov


**Attorneys for Defendants**


## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(a), I hereby certify that on March 31, 2026, a true and correct copy of the above and foregoing document has been filed and served to all counsel and parties of record using the CM/ECF system.

/s/David Bryant
**DAVID BRYANT**
Senior Special Counsel