**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**AMARILLO DIVISION**

STATE OF TEXAS,

       *Plaintiff,*

v.

MARKWAYNE MULLIN, *et al.,*
       *Defendants.*

CASE NO. 2:22-cv-00094-Z

**STATE OF TEXAS'S RENEWED**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff State of Texas (Texas) moves pursuant to Federal Rule of Civil Procedure 56 and this Court's Order dated July 2, 2026 (ECF No. 196) for summary judgment in its favor on all claims and against all Defendants. and would show the Court as follows:

**SUMMARY**

1.      Texas brought this suit on April 28, 2022, to challenge the legality of the Department of Homeland Security's *Interim Final Rule: Procedures for Credible Fear Screening and Consideration of Asylum, Withholding of Removal, and CAT Protection Claims by Asylum Officers*, 87 Fed. Reg. 18,078 (Mar. 29, 2022) (the "Asylum Officer Rule" or "IFR"). Texas contended and now contends that the Asylum Officer Rule:

    A.    Violates the Homeland Security Act of 2002 ("HSA") and the Immigration and Nationality Act ("INA");

    B.    Exceeds Defendants' parole authority under the INA, 8 U.S.C. § 1182(d)(5);

    C.    Is unlawful, arbitrary and capricious, and otherwise violates the Administrative Procedure Act (APA), 5 U. S. C. § 701 *et seq*;

    D.    Was adopted without notice and comment in violation of the APA; and

    E.    Violates the Appointments Clause of the United States Constitution.

2.      This Court is very familiar with the central facts and legal contentions of the parties to this case. The Court previously considered and denied Defendants' Motion to Transfer and Stay Pending Resolution of the Motion (ECF No. 68), and Defendants' Motion to Reconsider Ruling on Defendants' Motion to Transfer (ECF No. 78). Defendants filed a Motion to Dismiss on October 2, 2023 (ECF No. 102). After careful consideration, this Court entered its Memorandum Opinion and Order denying the Motion to Dismiss on February 6, 2024 (ECF No. 121). Defendants filed "Defendants' Opposed Motion to Reconsider Order on Defendants' Motion to Dismiss on March 5, 2024 (ECF No. 123). The Court denied that Motion to Reconsider in a Memorandum Opinion and Order dated June 25, 2024 (ECF No. 134).

3.      Defendants filed their Answer herein on July 9, 2024 (ECF No. 136). Defendants admit that they promulgated the Interim Final Rule on March 29, 2022, and that this Interim Final Rule took effect on May 31, 2022). Defendants admit that they published a Notice of Proposed Rulemaking on August 20, 2021, and that during the 60-day comment period following the Notice of Proposed Rulemaking, DHS received more than 5,200 comments, including comments from Texas and other States. See Complaint (ECF No. 1) and Answer (ECF No. 136) at ¶¶ 41, 47. Despite this, Defendants made numerous significant changes from the proposed to the final Asylum Officer Rule without allowing notice or comment as to such changes and without adequately considering and responding to comments, including comments by Texas.

4.      Texas previously filed a motion for summary judgment, a memorandum in support of its motion for summary judgment, and an Appendix in support of that motion for summary judgment. (ECF Nos. 154, 155, and 155-1). By Order dated July 2, 2026, the Court reopened the case; denied that motion for summary judgment as moot; and granted leave for the parties to file renewed motions for summary judgment within thirty days. ECF No. 196.

5.      There is no genuine dispute as to any material fact and Texas is entitled to judgment as a matter of law on all claims.

5.      The facts on which Texas relies are those admitted by Defendants herein; those set forth in the Administrative Record filed by Defendants herein on August 9, 2024 (ECF Nos. 139; 140, 141), and those set forth in the Appendix (ECF 155-1) filed in accordance with Local Rule 56.6 of the Local Rules of this Court, all of which are hereby adopted by reference and incorporated herein. The Appendix includes the following (and exhibits thereto):

A.      Declaration of Amy Copeland, Associate Commissioner of School Finance at the Texas Education Agency.

B.      Declaration of Susan Bricker, Manager of the Health Program Outcomes and Epidemiology Team within the Office of Data, Analytics and Performance at The Texas Health and Human Services Commission.

C.      Declaration of Rebecca Waltz, Budget Director for the Texas Department of Criminal Justice.

D.      Declaration of Mark Csoros.

E.      Declaration of Andrew "Art" Arthur.

6.      In accordance with Local Rule 56.5 of the Local Rules of this Court, Texas files concurrently herewith Texas's Memorandum in Support of Texas's Renewed Motion for Summary Judgment setting forth the arguments and authorities on which Texas relies as support for this Motion.

Plaintiff State of Texas respectfully requests that the Court, upon hearing and consideration, grant this motion for summary judgment in all things, enter final judgment in favor of Texas, and grant Texas all relief requested in its Complaint, including but not limited to vacatur of the Asylum Officer Rule; a permanent injunction enjoining Defendants from enforcing the Asylum Officer Rule or any part thereof in the State of Texas, or so as to allow any alien to be paroled into Texas pursuant to the Asylum Officer Rule or any part thereof, or so as to allow any alien to be re-paroled into Texas or remain in Texas pursuant to the Asylum Officer Rule or any

part thereof;  declaratory relief pursuant to 28 U. S. C. § 2201 *et seq* declaring that the Asylum Officer Rule is unlawful and void and of no legal force or effect; and for such other and further relief to which it may be entitled.

Dated: August 3, 2026.

JAMES K. ROGERS
Arizona Bar no. 027287
AMERICA FIRST LEGAL FOUNDATION
611 Pennsylvania Ave. SE #231
Washington, DC 20003
(202) 964-3721
james.rogers@aflegal.org

Respectfully submitted,

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

/s/ *David Bryant*
DAVID BRYANT
Senior Special Counsel
Texas Bar No. 03281500

OFFICE OF THE ATTORNEY GENERAL OF TEXAS
Special Litigation Division
P.O. Box 12548
Austin, Texas 78711-2548
(512) 936-1700
david.bryant@oag.texas.gov

COUNSEL FOR PLAINTIFF STATE OF TEXAS

## CERTIFICATE OF SERVICE

I certify that on August 3, 2026, this document was filed through the Court's CM/ECF system, which served it upon all counsel of record.

/s/ *David Bryant*
DAVID BRYANT
Senior Special Counsel